## UNITED STATES v. UPDIKE et al.

District Court, D. Nebraska, Omaha Division.
April 13, 1928.

No. 853.

**1. Statutes ⊜⊸207—Latter portion of statute, in order of arrangement, controls in case of conflict.**

Where there is a conflict between two portions of a statute, latter portion of the statute in order of arrangement will control.

**2. Internal revenue ⊜⊸28(2)—Court had jurisdiction in suit by government to recover delinquent excess profits taxes from transferees of corporation, notwithstanding failure to give notice of assessment (Revenue Act 1917, Comp. St. § 6336aa et seq.; Revenue Act 1926, §§ 274, 280, 1122(b), 26 USCA §§ 1048, 1069, 1257(b).**

In suit against transferees of corporate assets to recover excess profits taxes assessed against corporation, under Revenue Act 1917 (Comp. St. § 6336aa et seq.), court had jurisdiction under Revenue Act 1926, § 1122(b), 26 USCA § 1257(b), notwithstanding failure to give notice of delinquent tax assessment to taxpayer, as required by earlier provision in Revenue Act 1926, §§ 274, 280 (26 USCA §§ 1048, 1069), since, in case of repugnancy between portions of statute, latter portion in the order of arrangement controls.

**3. Internal revenue ⊜⊸28(2)—Government's suit against transferees of corporation to recover delinquent excess profits taxes, under assessment made more than six years previous on report of revenue agents, held barred (Revenue Act 1926, § 278(d), 26 USCA § 1061(d); Revenue Act 1916, § 14, Comp. St. § 6336n).**

Where return was made by revenue agents of delinquent excess profits taxes due by corporation after examination of corporation's books, and Commissioner of Internal Revenue, acting on the return, assessed delinquent tax against transferees of corporate assets, delay of over six years before commencement of suit *held* to bar government's recovery, under Revenue Act 1926, § 278(d), 26 USCA § 1061(d), imposing six-year limitation, where assessment has been made within limitation applicable thereto, since return came within Revenue Act 1916, § 14, Comp. St. § 6336n fixing three-year limitation for making return when taxpayer fails to do so.

At Law. Suit by the United States against Nelson B. Updike and others. Judgment for defendant, dismissing the suit.

See, also, 1 F.(2d) 550.

James C. Kinsler, U. S. Atty., of Omaha, Neb.

A. G. Ellick (of Brogan, Ellick & Raymond), of Omaha, Neb., for defendants Updike and others.

MUNGER, District Judge. In this suit the United States seeks to enforce against the transferees of the corporate assets of the Updike Grain Company, a corporation which dissolved August 28, 1917, the amount of a tax for a portion of the calendar year of 1917 which was assessed against the corporation under the provisions of the Revenue Act of October 3, 1917 (Comp. St. § 6336aa et seq.). The approved fiscal year of the Updike Grain Company began August 1, 1916, and ended on July 31, 1917. The essential facts in this case, as to dissolution of this corporation in advance of the enactment of the Revenue Act of October 3, 1917, and as to a return made by the defendant under the revenue acts then in force, are quite similar to the facts in the case of United States v. Updike (D. C.) 1 F.(2d) 550, on appeal (C. C. A.) 8 F.(2d) 913, relating to the Missouri Valley Elevator Company. In this case the Commissioner of Internal Revenue, in January, 1920, made an assessment against the Updike Elevator Company of a tax under the Revenue Act of October 3, 1917, for the period involved, under the retroactive provisions of that act. The purpose of the suit is to recover the amount of the tax assessed against the defendant from the transferees of the corporate assets.

The defendants challenge the jurisdiction of the court to determine this case, because of the provisions of section 274 and section 280 of the Revenue Act of 1926 (26 USCA §§ 1048, 1069). The portions of the sections involved are as follows:

"Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess profits, or war profits tax act."

"Sec. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of

Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final."

It does not appear that a notice was given to the defendants as provided in the latter section, and for that reason the defendants claim that this suit cannot now be maintained. If the effect upon this suit claimed by the defendants for the provisions of these statutes could be sustained if these provisions stood alone, a later portion in the same Revenue Act of 1926 found in section 1122 (b) of that act (26 USCA § 1257(b), must also be considered. That portion of the statute reads as follows:

"The District Courts of the United States at the instance of the United States are hereby invested with such jurisdiction to make and issue, both in actions at law and suits in equity, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and process, and to render such judgments and decrees, granting in proper cases both legal and equitable relief together, as may be necessary or appropriate for the enforcement of the provisions of this act. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such provisions."

[1, 2] There appears to be a conflict between the two portions of the Revenue Act of 1926 which have been cited, and, in case of such repugnancy, the latter portion of the statute in the order of arrangement will control. United States v. Jackson (C. C. A.) 143 F. 783, 787; In re Richards (C. C. A.) 96 F. 935, 939. The objections to jurisdiction are not well taken.

[3] The defendants also claim that this suit is barred by the statute of limitations relating to the recovery of taxes of this nature. Section 278 (d) of the Revenue Act of 1926 (26 USCA § 1061[d]) is as follows:

"Where the assessment of any income, excess profits, or war profits tax imposed by this title or by prior act of Congress has been made (whether before or after the enactment of this act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer."

By this statute Congress has provided that, unless the taxpayer had agreed in writing to a longer period, no suit in court for the collection of an assessment for any income tax, excess profits tax, or war profits tax can be maintained unless the suit is begun within six years after the assessment of the tax. By the terms of this statute this limitation applies, not only to the taxes imposed by the Revenue Act of 1926, but also to such taxes imposed by any prior act of Congress.

No waiver of this limitation has ever been made by the defendants. The assessment was made in January, 1920, and this suit was begun in April, 1927, more than six years after the assessment, and the defendants have made the defense that the suit was begun too late. On behalf of the United States, the contention is made that this statute does not apply to the facts in this case, because the assessment was not made "within the statutory period of limitation applicable thereto." It may be doubted if the United States may take advantage of this limitation, which was imposed for the benefit of the taxpayer. It is said that, unless the taxpayer has made a proper return, there is no limitation of time in which the assessment may be made. But in this case an assessment was made. It was made by the Commissioner of Internal Revenue. It is the foundation of this suit. At the time it was made the Revenue Act of 1916, as amended by the Revenue Acts of March 3, 1917, October 3, 1917, and February 24, 1919, was in force. Section 14 of the act of 1916 (Comp. St. § 6336n), in force at the time of the assessment, contained the following:

"a. * * * Every corporation, joint stock company or association, and insurance company, computing taxes upon the income of the fiscal year which it may designate in the manner hereinbefore provided, shall pay the taxes due under its assessment within 105 days after the date upon which it is required to file its list or return of income for assessment; except in cases of refusal or neglect to make such return, and in cases of erroneous, false, or fraudulent returns, in which cases the Commissioner of Internal Revenue shall, upon the discovery thereof, at any time within three years after said re,

turn is due, make a return upon information obtained as provided for in this title or by existing law; and the assessment made by the Commissioner of Internal Revenue thereon shall be paid by such corporation, joint-stock company or association, or insurance company immediately upon notification of the amount of such assessment; and to any sum or sums due and unpaid after the fifteenth day of June in any year, or after 105 days from the date on which the return of income is required to be made by the taxpayer, and after ten days' notice and demand thereof by the collector, there shall be added the sum of 5 per centum on the amount of tax unpaid and interest at the rate of 1 per centum per month upon said tax from the time the same becomes due. * * *

"(b) When the assessment shall be made, as provided in this title, the returns together with any corrections thereof which may have been made by the Commissioner, shall be filed in the office of the Commissioner of Internal Revenue and shall constitute public records and be open to inspection as such."

The Commissioner of Internal Revenue had authority, under this portion of the statute and under the facts proved in this case, to make a return for the Updike Grain Company. A return is shown to have been made by a report to the Commissioner of Internal Revenue of revenue agents, after examination of the former returns and the books and accounts of the Updike Grain Company, and this return was adopted as a return, and, acting upon it as such, the Commissioner of Internal Revenue assessed the tax that is the subject of this suit. Whether the return was required to be made within three years, or no limitation of time was imposed, the assessment was made in the statutory period of limitation applicable thereto.

The United States has provided, in the many revenue acts of this nature enacted in 1918 and subsequently, many periods of limitation after the expiration of which no action can be taken against the taxpayer, and the Supreme Court of the United States has said that "taxing laws are to be liberally interpreted in favor of the taxpayer." Bowers v. N. Y. & Albany Co., 273 U. S. 346, 350, 47 S. Ct. 389, 390, 71 L. Ed. 676. It seems to be clear, upon the facts in this case, that the United States delayed proceedings for the collection of the tax it claims to be due from the defendants until the applicable statute of limitations had barred the successful prosecution of a suit, and for this reason the suit will be dismissed, at the plaintiff's costs.