## WILLINGHAM LOAN & TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
November 22, 1929.

No. 5690.

J. C. Murphy, of Atlanta, Ga., for petitioner.

Sewall Key, Harvey R. Gamble, and Helen R. Carloss, Sp. Assts. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John McC. Hudson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that petitioner kept its books on a monthly basis, taking off trial balances and dividing profits at the end of each month, and closed the books on May 31st annually. However, they filed returns for income and profit taxes on the annual basis for the years 1919, 1920, and 1921, and prior years, using the monthly trial balances for that purpose. The Commissioner of Internal Revenue required returns to be made on the fiscal year basis. This was done; petitioner filing returns on the basis of its fiscal years ending May 31, 1920, and 1921. On March 15, 1926, the Commissioner made jeopardy assessments of deficiencies for those two years. Contending that the assessments were made after the statute of limitations had run, petitioner sought relief from the Board of Tax Appeals. The Board held that the statute began to run from the date of the filing of the last calendar year return covering the period of time included in the respective fiscal years, which was March 15, 1921, for the year 1920, and March 15, 1922, for the year 1921. We concur in this ruling. On the respective dates of the filing of the returns on the annual basis, the Commissioner had before him accurate data upon which to consider deficiencies and make assessments based on the fiscal years. This is not inconsistent with our ruling in Florsheim Bros. Dry Goods Co., Ltd., v. United States (C. C. A.) 29 F.(2d) 895, as in that case the taxpayer had first filed a tentative return in which the amount of taxes was estimated, and the Commissioner did not have sufficient data before him upon which to make an assessment until the complete return was filed.

However, the Board held that the statutes of limitation applicable to the assessment, Revenue Act of 1918, 250(d) (40 Stat. 1082); Revenue Act of 1921, 250 (d) (42 Stat. 264); and Revenue Act of 1926, § 277 (a) (2) and (3), 26 USCA § 1057, would not begin to run until after the date of filing, so that the Commissioner had all of March 15, 1926, in which to make the assessments. This, we think, was error. In each of the statutes applicable the language with regard to assessments in substance is that deficiencies shall be determined and assessed by the Commissioner within five or four years respectively after the return was due or was made. Taxing statutes are to be construed in favor of the taxpayer. The statutes should not be held to mean that limitation begins to run after the "day" or "date" upon which the return was due or was made. In this respect we have heretofore held, in the case of New York Life Ins. Co. v. Bullock (C. C. A.) 26 F.(2d) 666, that the rule with regard to computation of time is that, where it is to be made from a specific day, the first day is excluded, but, where it runs from an event, the first day is to be included. We see no occasion to depart from the conclusion

reached in the above-cited case. Clearly, prescription ran from the event of filing and not from the day of filing. The assessments made on the 15th day of March, 1926, were one day too late.

The petition is granted, and the judgment is reversed.