## UNITED STATES v. NATIONAL TANK & EXPORT CO.
### No. 5726.

Circuit Court of Appeals, Fifth Circuit.
Dec. 10, 1930.

Charles L. Redding, U. S. Atty., of Savannah, Ga., and F. F. Toomey, Atty., Bureau of Internal Revenue, of Washington, D. C. (George Noble Jones, Asst. U. S. Atty., of Savannah, Ga., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Wright Matthews, Sp. Atty., Bureau of Internal Revenue, Wm. B. Waldo, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for the United States.

Gordon C. Carson, Alexander A. Lawrence, and Edmund H. Abrahams, all of Savannah, Ga., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

FOSTER, Circuit Judge.

In this case the material facts are substantially these: On March 14, 1919, appellee filed with the collector of internal revenue at Atlanta a tentative return on form 1031-T for the year ending December 31, 1918, showing an estimated tax due of $14,000, accompanied it with a check for $3,500 to cover one-fourth of the estimated tax, and requested an extension of time of forty-five days for filing a completed return. On May 1, 1919, a consolidated return was filed with the Commissioner of Internal Revenue for the American Naval Stores Company and the National Tank & Export Company, appellee herein. The consolidated return did not state separately the income and invested capital of each corporation. This return was made on the annual basis for the year 1918. The National Tank & Export Company kept its books on the fiscal year basis, the year ending April 30th. The consolidated return covered only eight months of the year ending April 30, 1919. The return showed no tax due by appellee. The Commissioner declined to allow the consolidated return, and a separate return was filed for appellee on September 28, 1922, covering its fiscal year from May 1, 1918, to April 30, 1919, inclusive. In January, 1925, an additional tax of $11,096.70 was assessed against appellee. On April 1, 1925, a credit of $3,386.66, an overpayment for the taxable year 1917, was applied against the deficiency. Appellee paid the balance under protest and brought suit in the District Court to recover eight-twelfths of the tax assessed, conceding that recovery of the balance was barred. The court found that petitioner was not entitled to file a consolidated return with the American Naval Stores Company, but we are not called upon to review that phase of the court's finding. However, the court held the assessment was barred by the limitation of five years imposed by section 250 (d) of the Revenue Act of 1918 (40 Stat. 1083) and subsequent acts, holding that it began to run with the filing of the consolidated return, and referred to the tentative return as aiding in reaching this conclusion. Judgment was entered for appellee.

It is settled that the filing of the tentative return did not start the running of the

statute of limitations. Florsheim Bros. Drygoods Co. v. U. S., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542.

In Willingham Loan & Trust Co. v. Commissioner of Internal Revenue (C. C. A.) 36 F.(2d) 49, we had occasion to consider the effect of the filing of separate returns covering parts of the taxable year, and held that the statute began to run whenever the taxpayer filed returns with the Commissioner that would show facts upon which an assessment for the taxable period could be made. Necessarily, the converse is true. In this case the consolidated return did not show the separate capital and income of each corporation, and was not a complete return for appellee, as it covered only eight months of its taxable year. The Commissioner therefore had not sufficient facts before him upon which to base an assessment. The assessment was in time. Paso Robles Merc. Co. v. Commissioner of Int. Rev. (C. C. A.) 33 F. (2d) 653.

It follows that the judgment of the district court must be reversed.