## MYLES SALT CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6050.

Circuit Court of Appeals, Fifth Circuit.

April 21, 1931.

E. Barrett Prettyman and Frederick R. Gibbs, both of Washington, D. C. (Preston B. Kavanagh, all of Washington, D. C., on the brief), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and S. A. Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and J. Louis Monarch, Sp. Asst. to Atty. Gen., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The sole question is limitation. On May 16, 1921 (May 15th was Sunday), Myles Salt Company filed its income tax return for its fiscal year ending February 28, 1921, and paid the tax shown by it, all according to the Revenue Act of 1918 then in force (40 Stat. 1057). On November 23, 1921, the Revenue Act of 1921 was approved, effective as to its income tax provisions as of January 1, 1921 (section 263), and repealing as of January 1, 1921, the corresponding provisions of the Revenue Act of 1918 (section 1400). No change was made affecting the tax of this taxpayer except that, because its net income exceeded $25,000, it was deprived since January 1st of the credit of $2,000 allowed by section 236 (42 Stat. 257), thus increasing its tax about $35. No new or amended re-

turn showing this changed computation was filed or requested. On September 17, 1926, the Commissioner sent out a deficiency notice preparatory to assessing an additional tax arising mainly from corrections in the deductions claimed for depletion and inventory losses. Before the Board of Tax Appeals the taxpayer claimed that the assessment was barred by the provisions then in force of the Revenue Act of 1926, § 277 (a) (2), 26 USCA § 1057 (a) (2), "The amount of income, excess-profits, and war-profits taxes imposed by the Revenue Act of 1921, and by such Act as amended, for the taxable year 1921 * * * shall be assessed within four years after the return was filed." By section 200 (1) of the Act of 1921 (42 Stat. 227) the taxable year 1921 included fiscal years ending during 1921. The Board held, three members dissenting, that no lawful return had been filed for the fiscal year in question, and no bar had attached because of section 278 (a) of the Act of 1926 (26 USCA § 1058), "In case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed * * * at any time."

The return which will date the beginning of the limitation period, and lack of which will prevent limitation, is one made in substantial conformity to the law which required it. The act of 1918 and that of 1921 in section 239 (40 Stat. 1081, 42 Stat. 259) both require "every corporation * * * shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer." It is no return as respects limitation if made tentatively and not intended to be the basis of an assessment, Florsheim Brothers v. United States, 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542; or if not sworn to at all, Lucas v. Pilliod, 281 U. S. 245, 50 S. Ct. 297, 74 L. Ed. 829, 67 A. L. R. 1350. It must purport to cover the entire period involved, and must show the items of gross income, deductions, and credits of the taxpayer with such definiteness as to permit an assessment of the tax, if accepted as correct. United States v. National Tank & Export Co. (C. C. A.) 45 F.(2d) 1005. Perfect accuracy and completeness is not necessary, for there could rarely be an additional tax assessed except on some correction of the return, and, if the need of correction is held to make it no return, such deficiency assessments would never be barred. If, on the other hand, the return is so false as to show fraud and intent to evade the tax, there is by the special provision above quoted no limitation.

The Board found no fraud or bad intent in this return. If it had been filed or refiled the day after the Act of 1921 was passed, it would have been clearly good; the error in the deductible credit being easily remediable by the Commissioner without further information from the taxpayer. But it is said that, because it was filed before the act was passed, it cannot be a return under the act. The act itself, however, is retroactive, declaring itself to be effective as of January 1, 1921. If in effect on that date for other purposes, why should it not speak from that date as to filing returns? Difficulty can arise only concerning returns for fiscal years ending during 1921. Congress had them in mind, for in section 205 (a) it was provided: "If a taxpayer makes return for a fiscal year beginning in 1920 and ending in 1921, his tax under this title for the taxable year 1921 shall be" arrived at on a basis stated. Entirely conscious, therefore, that such returns had already been filed before the act was passed on November 23d, the only provision Congress made as to filing them was section 227 (a): "Returns * * * shall be made on or before the fifteenth day of the third month following the close of the fiscal year." If this requirement is read as of January 1st, the return in question was filed in literal compliance with it. That it was the intent of Congress thus to ratify and adopt returns filed between January 1st and the passing of the act also appears from its repeal of the former act as of January 1st, so that there was no law except the act of 1921 that could apply to such returns. This intent is further shown by the history of the legislation, for this same situation arose when the Act of 1918, approved February 24, 1919 (40 Stat. 1057), retroactively displaced the Act of 1917. Its section 227 (a) was identical with that just quoted, and was interpreted by Treasury Decision 2797, whereby fiscal year returns filed before the act was passed were treated as sufficient, and were referred to as the "original return," but, if an additional tax was due under the new act, "a return covering such additional tax" only was required, and called an "amended return." Thus in no case was the original return treated as a nullity, but as valid so far as it went. By a settled principle Congress is to be considered as having adopted this official construction when it re-enacted the

234

same words in the new law. United States v. G. Falk & Bro., 204 U. S. 143, 27 S. Ct. 191, 51 L. Ed. 411; Stairs et al. v. Peaslee, 18 How. 521, 15 L. Ed. 474. Many decisions of the Board of Tax Appeals have held that returns filed before the law was passed are not nullities, but sufficient to date the beginning of limitation if no additional tax was imposed on the particular taxpayer by the law, although the return was actually incorrect and the tax paid insufficient. Ley & Co. Inc., 9 B. T. A. 749; Palmetto Coal Co., 11 B. T. A. 154; Denholm & McKay Co., 15 B. T. A. 225. This return was retained by the Commissioner, together with the money paid on it. An audit of it was had in 1923 without request for any amendment of it. The deficiency letter of September 17, 1926, states that "an audit of your income and profits tax return for the fiscal year ended February 28, 1921, has resulted," etc., and the statement attached is based upon the figures of the return; so that the additional tax is proposed to be assessed on the return. These things are mentioned, not as raising an estoppel to deny that it is a return, but as further tending to show that it was treated in administrative practice as, and understood to be, a duly filed return and practically sufficient as such until the question of limitation was raised. We hold that limitation is to be dated from its filing on May 16, 1921. We do not inquire whether the tax for the period prior to January 1, 1921, which is by Act of 1921, § 205 (a), to be measured by the provisions of the Act of 1918, is imposed by the one act or the other, since the limitation period applicable to either had expired when the assessment was attempted. The entire assessment is barred.

The petition for review is granted, and the case is remanded for further proceedings not inconsistent herewith.