## VALENTINE–CLARK CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9053.

Circuit Court of Appeals, Eighth Circuit.
July 31, 1931.

Arnold L. Guesmer, of Minneapolis, Minn., for petitioner.

Hayner N. Larson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before KENYON and BOOTH, Circuit Judges, and OTIS, District Judge.

BOOTH, Circuit Judge.

This is a petition for review of an order of the Board of Tax Appeals which redetermined a deficiency in the income and profits taxes of petitioner for the fiscal year ending January 31, 1921. The determination of the Commissioner of Internal Revenue was upheld.

The facts are not in dispute. The petitioner, taxpayer, kept its books during the taxable period involved on the basis of a fiscal year ending January 31, 1921. April 14, 1921, the taxpayer filed its return for the fiscal year showing a net income of $37,527.43. In due course, it paid taxes on that basis. After the enactment of the Revenue Act of 1921 (November 23, 1921 [42 Stat. 227]), the taxpayer filed no other or further return for the fiscal year ending January 31, 1921. No waiver of the statutory limitation period on assessment or collection of the 1921 income or profits taxes was executed or filed with the Commissioner of Internal Revenue by the taxpayer. No notice was served upon the taxpayer requiring a further return or statement as provided by section 1305 of the Revenue Act of 1918 (40 Stat. 1142), and by section 1307 of the Revenue Act of 1921 (42 Stat. 310). June 3, 1926, the Commissioner mailed to the taxpayer the so-called sixty-day deficiency letter, provided for in section 274(a) of the 1926 Revenue Act (26 USCA § 1048), showing a net income for the fiscal year ending January 31, 1921, of $46,734.04, and a deficiency in tax due from the taxpayer for said fiscal year of $5,777.35. No part of said sum of $5,777.35 has been assessed against the taxpayer either before or since the mailing of said deficiency letter, and no part of said sum has been paid by the taxpayer.

There is no provision in the Revenue Act of 1921 requiring a corporation, which, prior to the passage of that act, had filed its return for a fiscal year ending in 1921, to file any additional return for such year.

In the return filed by the taxpayer on April 14, 1921, an exemption of $2,000 was used and this was allowable under the 1918 Revenue Act (section 236, 40 Stat. 1080); but this exemption was not allowable under the 1921 Revenue Act inasmuch as the taxable income of the petitioner exceeded $25,000.00 (Revenue Act 1921, § 236 [42 Stat. 257]).

By sections 263 and 338 of the Revenue Act of 1921 (42 Stat. 271, 277), the provisions of the act included in titles 2 and 3, sections 200–338 (relating to income taxes

and profits taxes) were made retroactive, taking effect as of January 1, 1921.

█ Accordingly, the taxpayer was not entitled to the full exemption claimed of $2,-000, but only to eleven-twelfths thereof, or $1,833.33, since the 1918 Act applied to the first eleven months of the fiscal year ending January 31, 1921.

Apart from this slight discrepancy, the return of the taxpayer filed April 14, 1921, was in accord with the provisions of the 1921 Revenue Act, and the discrepancy was apparent on the face of the return.

In making up the schedules attached to the deficiency letter dated June 3, 1926, the Commissioner made use of the return of the taxpayer, which was filed April 14, 1921, and among other matters made correction of the discrepancy above mentioned.

Relevant statutory provisions are set out in the margin.[1]

---

[1] Time for Filing Return.

Revenue Act of 1918:
"Sec. 227. (a) That returns shall be made on or before the fifteenth day of the third month following the close of the fiscal year. * * *" 40 Stat. 1075.

Revenue Act of 1921:
"Sec. 227. (a) That returns (except in the case of nonresident aliens) shall be made on or before the fifteenth day of the third month following the close of the fiscal year. * * *" 42 Stat. 251.

Contents of Return.

Revenue Act of 1918:
"Sec. 239. That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. * * *" 40 Stat. 1081.

Revenue Act of 1921:
"Sec. 239. (a) That every corporation subject to taxation under this title * * * shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. * * *" 42 Stat. 259.

Credits.

Revenue Act of 1918:
"Sec. 236. That for the purpose only of the tax imposed by section 230 there shall be allowed the following credits: * * *
"(c) In the case of a domestic corporation, $2,000." 40 Stat. 1080.

Statute of Limitations.

Revenue Act of 1918:
"Sec. 250. * * * (d) Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. * * *" 40 Stat. 1082.

Revenue Act of 1921:
"Sec. 250. * * * (d) The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed. * * *" 42 Stat. 264.

Revenue Act of 1924:
"Sec. 277. (a) (1) The amount of income, excess-profits, and war-profits taxes imposed by the Reve-

---

The question presented by the present petition for review is whether the applicable period of limitation had run prior to the nue Act of 1921, and by such Act as amended, for the taxable year 1921 and succeeding taxable years, and the amount of income taxes imposed by this Act, shall be assessed within four years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period." 26 USCA § 1057 note.

Revenue Act of 1926:
"Sec. 277. (a) (2) The amount of income, excess-profits, and war-profits taxes imposed by the Revenue Act of 1921, and by such Act as amended, for the taxable year 1921 and succeeding taxable years, and the amount of income taxes imposed by the Revenue Act of 1924, shall be assessed within four years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." 26 USCA § 1057(a)(2).

Additional Information.

Revenue Act of 1918:
"Sec. 1305. * * * Whenever in the judgment of the Commissioner necessary he may require any person, by notice served upon him, to make a return or such statements as he deems sufficient to show whether or not such person is liable to tax. * * *"

Revenue Act of 1921:
"Sec. 1307. That whenever in the judgment of the Commissioner necessary he may require any person, by notice served upon him, to make a return or such statements as he deems sufficient to show whether or not such person is liable to tax."

Rules and Regulations.

Revenue Act of 1921:
"Sec. 1303. That the Commissioner, with the approval of the Secretary, is hereby authorized to make all needful rules and regulations for the enforcement of the provisions of this Act. * * *" 42 Stat. 309.

Apparently pursuant to this statutory authority, two Treasury Decisions were issued: No. 3305, approved March 16, 1922, reading as follows:
"If any taxpayer has before November 23, 1921, filed a return for a fiscal year ending in 1921, and paid or become liable for a tax computed under the revenue act of 1918, and is subject to additional tax for the same period under the revenue act of 1921, the return covering such additional tax shall be filed at the same time as the returns of persons making returns for the fiscal year ending February 28, 1922, are due under the law and regulations, and payment of such additional tax is due in the same installments and at the same times as in the case of payments based on returns for the fiscal year ending February 28, 1922. If no part of the tax for the taxpayer's fiscal year was due until after November 22, 1921, the whole amount of tax due, including the tax due under the original return and the additional tax due under the new return, will be payable in the same installments and at the same times as in the case of payments based on returns for the fiscal year ending February 28, 1922. * * *"

And No. 3310, approved March 28, 1922, reading as follows:
"T. D. 3305, approved March 16, 1922, is amended to read as follows:
"If any taxpayer has, before November 23, 1921, filed a return for a fiscal year ending in 1921, and paid or become liable for a tax computed under the revenue act of 1918, and is subject to additional tax for the same period under the revenue act of 1921, a return covering such additional tax shall be filed at the same time as the returns of persons making returns for the fiscal year ending February 28, 1922, are due under the laws and regulations, and payment of such additional tax will be due in the same installments and at the same times as in the case of payments based on returns for the fiscal year ending February 28, 1922. * * *"

sending out by the Commissioner of the sixty-day deficiency letter of June 3, 1926.

The Commissioner takes the position that the Statute of Limitations contained in the 1921 Revenue Act is the one applicable; the taxpayer contends that the Statute of Limitations contained in the 1924 Revenue Act is the one applicable.

Inasmuch as the period of limitation is the same (four years from the filing of the return) under either statute, we pretermit discussion of the question, which statute governed.

The Board of Tax Appeals stated its view of the case as follows: "It is stipulated that in the return filed the taxpayer took an exemption in the amount of $2,000 in the computation of tax due under the Act of 1918, and that under the Act of 1921, it was not entitled to any such exemption for the fiscal year ended January 31, 1921. It is obvious, therefore, that an additional tax for the fiscal year ended January 31, 1921, was imposed on this taxpayer by the Revenue Act of 1921. In such circumstances the Commissioner by his regulations, supra, required an additional return. Such return has never been filed, and, therefore, there is no return of this taxpayer for the year ended January 31, 1921, which can be regarded as the return required by law and no date from which the statute of limitations started to run against this petitioner for such taxable year."

Counsel for the Commissioner on this petition for review take a somewhat different view. In their brief their position is thus stated: "In this case the statute could be satisfied only by the filing of a return under the Revenue Act of 1921. This necessarily means a return filed in response to the requirements of the 1921 Act, and this requirement could not have been satisfied before the statute was enacted." And again: "The return under the Act of 1921 could be made only after the enactment of that law. It follows that only upon the filing of a return for the taxable year 1921 some time after the passage of the 1921 Act could the statutory bar begin to operate. Since petitioner has filed no such return, the Commissioner was and is free to assert a deficiency."

We cannot agree with either of the positions thus stated. We do not think that it was the intention of Congress that all returns for fiscal years ending in 1921 which were filed prior to the passage of the Revenue Act of 1921 should be considered nullities.

Viewing the facts in the light of the various statutory provisions quoted, we think it is clear that the taxpayer filed its return within the proper time; that the return contained the required information as to the various items; that the error in respect to the exemption appeared on the face of the return, and required no additional information for its correction.

The return would unquestionably have been valid and would have set the Statute of Limitations in motion if it had been filed the day after the approval of the Revenue Act of 1921; but that act, by its terms, became effective January 1, 1921. It speaks as of that date, and we have no difficulty in holding that returns filed after January 1, 1921, which contained the information required by the act were returns *under* the act. That such was the intent of Congress, we think is shown by the provisions of section 205 (a) of the act (42 Stat. 232) which reads: "That if a taxpayer makes return for a fiscal year beginning in 1920 and ending in 1921, his tax under this title for the taxable year 1921 shall be the sum of: * * * (followed by a stated basis);" and the same section further provides: "Any amount paid before or after the passage of this Act on account of the tax imposed for such fiscal year by Title II of the Revenue Act of 1918 shall be credited toward the payment of the tax imposed for such fiscal year by this Act, and if the amount so paid exceeds the amount of such tax imposed by this Act, the excess shall be credited or refunded in accordance with the provisions of section 252."

These provisions, when read in connection with section 1400 of the Revenue Act of 1921 (42 Stat. 320), which repealed the Revenue Act of 1918 as of January 1, 1921, and in connection with sections 227 (a) and 241 (a), 42 Stat. 251, 260, which fixed the time for filing returns, show conclusively, in our judgment, that Congress intended to ratify and adopt the returns filed between January 1, 1921, and the passing of the Act of 1921. Such a situation was not new. The Revenue Act of 1918, approved February 24, 1919, was also retroactive in its operation. It contained sections practically identical with sections 227 (a), 241 (a), and 205 (a) of the Revenue Act of 1921. The returns filed before the 1918 Act was passed for fiscal years ending in 1918 were not treated as nullities but as "original returns"; and if an additional tax was imposed by the Revenue Act of 1918, an additional return or an amended

return only was required. See T. D. No. 2797.

Still further, the Commissioner himself, in preparing the sixty-day deficiency letter of June 3, 1926, did not treat the return of the taxpayer, filed April 14, 1921, as a nullity. On the contrary, he made full use of it as a basis for his deficiency letter. We mention this fact, not as a ground for waiver or estoppel, but solely as showing that the government officials whose duty it was to pass upon returns did not hold this particular return to be a nullity. The position that the return was a nullity is evidently an afterthought, arising when the question of the Statute of Limitations was raised.

As to the effect of T. D. Nos. 3305 and 3310, set out in the margin, it may well be doubted whether the "additional tax" therein mentioned covers or was intended to cover a partial loss of exemption, such as occurred in the case at bar, wherein no new tax was to be levied and no new basis of taxation to be applied. But even if this view is not correct, yet said Treasury Decisions do not purport to make returns already filed nullities, but recognize them and simply call for a further return as to the additional tax.

In the case at bar, no such further return was necessary. The information contained in the return as filed was sufficient and was demonstrated so to be by the Commissioner himself. The filing of a second return after the passage of the Revenue Act of 1921 would have been a useless repetition.

We hold that the return filed April 14, 1921, was made by the taxpayer in good faith and in substantial conformity to both the Revenue Act of 1918 and the Revenue Act of 1921. Such return was not tentative, and was intended as the basis of an assessment. It showed the items of gross income, deductions, and credits of the taxpayer. It covered the entire period involved. It was properly signed and verified. The fact that it contained an inaccuracy did not cause it to become a nullity. United States v. Mabel Elev. Co. (D. C.) 17 F.(2d) 109. The Board of Tax Appeals has so held in numerous cases. Appeal of Mabel Elev. Co., 2 B. T. A. 517; Indiana Rolling Mills Co. v. Commissioner of Internal Revenue, 13 B. T. A. 1141; Darling-McDuff Coal Co. v. Commissioner of Internal Revenue, 15 B. T. A. 110; Denholm & McKay Co. v. Commissioner of Internal Revenue, 15 B. T. A. 225. And the mere fact that the return was filed before the Revenue Act of 1921 was passed did not cause it to become a nul-

lity. Such has been the ruling of the Board of Tax Appeals in numerous cases. Fred T. Ley & Co., Inc. v. Commissioner of Internal Revenue, 9 B. T. A. 749; M. Brown & Co. v. Commissioner of Internal Revenue, 9 B. T. A. 753; Keystone Coal & Mining Co. v. Commissioner of Internal Revenue, 10 B. T. A. 295; Palmetto Coal Co. v. Commissioner of Internal Revenue, 11 B. T. A. 154; Denholm & McKay Co. v. Commissioner of Internal Revenue, supra.

It follows from the foregoing that the return was valid and was the return required by existing law; and that the Statute of Limitations began to run from April 14, 1921, the date when the return was filed.

The question involved in this case has been passed upon, and the same conclusion reached, by the Circuit Court of Appeals for the Fifth Circuit in the case of Myles Salt Co. v. Commissioner, 49 F.(2d) 232; also by the Court of Appeals of the District of Columbia in the case of Isaac Goldmann Co. v. Burnet, Commissioner, 51 F.(2d) 427.

We are in full accord with the well-reasoned opinions in both of these cases, and with the conclusions reached.

The petition for review in the case at bar is granted, and the cause is remanded to the Board of Tax Appeals for further proceedings not inconsistent with the views herein expressed.