**WHITNEY BODDEN SHIPPING CO. v. UNITED STATES.**

No. K–357.

Court of Claims.
Oct. 20, 1931.

George E. H. Goodner, of Washington, D. C., for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (D. Louis Bergeron, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

Plaintiff contends that the refund of $9,688.50 for the fiscal year ended May 31, 1918, was paid "pursuant to an additional assessment," as that term is used in section 1324 (a) of the Revenue Act of 1921, and

that it is entitled to additional interest of $2,609.27 on the payments of $4,623.58 and $5,064.92 from June 16 and December 16, 1919, respectively, to March 15, 1924.

Before the enactment of the Revenue Act of 1918, which was approved February 24, 1919, plaintiff filed income and profits tax returns for its fiscal year ended May 31, 1918, in accordance with the Revenue Act of 1917 then in force. The Revenue Act of 1918 was retroactive to January 1, 1918, and section 230 thereof (40 Stat. 1075) imposed a tax at greater rates for the calendar year 1918 and subsequent taxable years in lieu of the taxes imposed by the Revenue Act of 1916 (39 Stat. 756), as amended by the Revenue Act of 1917 (40 Stat. 300) and by section 4 of the Revenue Act of 1917 (40 Stat. 302). Section 200 of the 1918 act (40 Stat. 1058) provided that "the first taxable year, to be called the taxable year 1918, shall be the calendar year 1918 or any fiscal year ending during the calendar year 1918." Sections 205 (a) and 335 (a) of the Revenue Act of 1918 (40 Stat. 1061, 1095) prescribe the method to be employed in computing the total tax due for a fiscal year beginning in 1917 and ending in 1918 under the Revenue Acts of 1916, 1917, and 1918. And section 205 (a), supra, provided that any amount theretofore paid on account of the tax imposed for such fiscal year by prior revenue acts should be credited toward the payment of the tax imposed for such fiscal year by the 1918 act. Under section 239 of the Revenue Act of 1918 (40 Stat. 1081) and the regulations of the Treasury Department, taxpayers having a fiscal year beginning in 1917 and ending in 1918 were required to file returns for such year under and in accordance with the 1918 Revenue Act. Davis Feed Co., 2 B. T. A. 616; Covert Gear Co., 4 B. T. A. 1025; Fred T. Ley & Co., 9 B. T. A. 749; M. Brown & Co., 9 B. T. A. 753; John Wanamaker, 8 B. T. A. 864. The return under the 1918 act, known as Form 1120, was duly prescribed by the Commissioner of Internal Revenue, and the plaintiff on June 16, 1919, duly made and filed such return for its fiscal year ended May 31, 1918, showing a total tax for such fiscal year of $30,449.96, or $10,129.84 in excess of the tax shown in the returns theretofore filed under the Revenue Acts of 1916 and 1917.

The question in this case therefore is whether a tax returned and assessed by the Commissioner on a return made under the Revenue Act of 1918, when there had been an assessment of a tax under a return for the same year under a previous statute for a fiscal year beginning in 1917 and ending in 1918, is an additional assessment within the meaning of the interest provisions of section 1324 (a) of the Revenue Act of 1918. In our opinion it is not. The term "additional assessment" has reference to the determination and assessment by the Commissioner of a deficiency for the taxable year in respect of the tax returned and paid by the taxpayer. This seems to be manifest from the statement in the section that an additional assessment means a further assessment of a tax of the same character previously paid in part. In this case the Commissioner only assessed the tax shown by the taxpayer upon its statutory returns to be imposed by and due under the statute in force at the time the assessments were made. The Commissioner did not determine that only part payment of the tax had been made and assess an additional amount, but first assessed the tax shown by the taxpayer on its return to be due under the rates imposed by the Revenue Act of 1917, and later, after the enactment of the Revenue Act of 1918, assessed the amount of the tax shown by the taxpayer upon its return to be due under the rates imposed by the Revenue Act of 1918; the last-mentioned amount being the tax imposed by the 1918 act in lieu of the tax imposed by the previous act. The second assessment was therefore a new and original tax. In one sense the last assessment may be said to have been an additional assessment, because the amount thereof was in addition to the assessment which had been made on the returns filed under the prior revenue acts, but, for the purpose of the interest provisions of section 1324, such tax falls under clause (1) of the section which deals with interest upon the amount of tax voluntarily returned and paid without protest. The Revenue Act of 1918 and the Treasury Regulations required all taxpayers having a fiscal year ending in 1918 to file a return under that act. This was the return required by law for such taxable year. The plaintiff made such return, and, after taking credit for the tax paid on the previous returns, against the tax imposed by the 1918 Revenue Act, paid the balance, upon which interest is here claimed, without protest. The Commissioner, according to his usual custom, assessed the tax shown on this return as being due under the Revenue Act of 1918 in excess of the tax there-

tofore returned, assessed, and paid under the previous acts. Income and profits taxes are assessed and collected in one of three ways; i. e., upon the statutory return made by the taxpayer, or, in the absence of such a return, upon a return made under section 3176 of the Revised Statutes (as amended, 26 USCA §§ 97, 98), or by an additional assessment of an amount in excess of that returned by the taxpayer in his return or in excess of the amount shown by the return made under section 3176.

Section 1324 (a) of the Revenue Act of 1921 was the first provision of law authorizing the payment of interest on refunds of taxes, and under it interest was allowable only when the taxpayer filed a claim for refund or credit. One of the purposes of the section was that, in a case where a taxpayer voluntarily paid the tax shown to be due upon his statutory return, interest would be allowed upon any overpayment only from a reasonable time after the taxpayer put the Commissioner of Internal Revenue upon notice by the filing of a claim that, in his opinion, the tax in excess of the amount due had been collected. This case falls within that purpose. The fact that a retroactive taxing act, which increases the tax rate, requires the taxpayer to file a second return upon which the Commissioner makes a second assessment does not take the case out of the rule above stated and make the second assessment an additional assessment of a tax previously paid in part. The reason for the allowance of interest upon a refund of a tax paid as a result of an additional assessment was that, in such case, it was the decision of the Commissioner and not of the taxpayer that brought about such payment. The tax upon which interest is here claimed was assessed by the Commissioner upon a return which the taxpayer was required to file under the Revenue Act of 1918 and represented the tax shown by the taxpayer upon such return as being due under the rates specified in the 1918 act. Prior to the enactment of the Revenue Act of 1918, the Commissioner assessed, and the taxpayer had paid, the entire tax due under the statutes then in force. In such circumstances the assessment of the tax in question by the Commissioner was not an additional assessment within the meaning of section 1324 (a) of the Revenue Act of 1921.

The petition must be dismissed. It is so ordered.