**RALSTON PURINA CO. v. UNITED STATES.**

No. L–506.

Court of Claims.

June 6, 1932.

John E. Hughes, of Chicago, Ill. (William Cogger, of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (H. S. Fessenden, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff first contends that the deficiency for the fiscal year 1918 was not timely assessed. The return for that fiscal year, to be used in computing the statute of limitation within which the commissioner could make an assessment for such fiscal year, was the completed consolidated return filed by plaintiff June 16, 1919, under and pursuant to the provisions of the Revenue Act of 1918, approved February 24, 1919, which was retroactive to January 1, 1918 (40 Stat. 1057). Davis Feed Co., 2 B. T. A. 616; Covert Gear Co., 4 B. T. A. 1025; Fred T. Ley & Co. v. Comm., 9 B. T. A. 749; A. Cellers et al. v. Comm., 16 B. T. A. 411; National Paper Products Co., 26 B. T. A. ——, decided May 17, 1932; United States v. Updike (D. C.) 1 F.(2d) 550, affirmed (C. C. A.) 8 F.(2d) 913; United States v. Updike (D. C.) 25 F.(2d) 746, affirmed (C. C. A.) 32 F.(2d) 1; Id., 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984; Whitney Bodden Shipping Co. v. United States, 52 F.(2d) 1003, 72 Ct. Cl. 653; IT: 1875, II-2 C. B. 238. The additional assessmment of $23,846.-88, March 6, 1924, for the fiscal year 1918 was therefore timely.

The deficiency of $23,846.88 for 1918 was timely assessed. At the time the collector mailed plaintiff a notice of the deficiency and made demand for payment thereof, he had three months within which to make collection. Plaintiff was advised by the commissioner at the time the assessment was made that inasmuch as the deficiency had been assessed without giving plaintiff an opportunity to appeal, as provided in section 250 (d) of the Revenue Act of 1921 (42 Stat. 266), it had the privilege of filing a claim in abatement with respect to the deficiency. No protest of the deficiency was made and no claim in abatement was filed. The plaintiff appears to have agreed to the correctness of the deficiency for 1918. In order to be relieved of the burden of having to pay the additional tax of $23,846.88 due for 1918, plaintiff communicated with the commissioner by telegram in which it asked that collection of the additional tax due for 1918 be withheld *until* the overpayment for 1919 was adjusted. In our opinion this telegram to the commissioner was an agreement on the part of the plaintiff that if the government would relieve it of the burden of paying the additional tax for 1918 prior to the allowance of the refund for 1919 the government might retain a sufficient amount of the 1919 overpayment to satisfy the deficiency for 1918. In consideration thereof the commissioner advised the collector to take no steps to collect the deficiency until receipt of the schedule of overassessment for 1919. But for the plaintiff's telegram to the commissioner the additional tax for the fiscal year 1918 would have been collected or a distraint proceeding for the collection thereof would have been begun prior to the expiration of the limitation period of five years after the return for 1918 was filed on June 16, 1919. When the overpayment of $68,724.90 for the fiscal year 1918 was determined on November 3, 1924, and formally allowed on March 7, 1925, the government retained $23,-846.88 thereof, as the plaintiff had requested and agreed should be done, and the balance of $44,878.02 was duly refunded to plaintiff, together with interest of $17,051.26. Plaintiff was duly notified of the action taken. It made no objection thereto and for more than five years thereafter acquiesced in the action which had been taken. In these circumstances it is our opinion that plaintiff is estopped to assert that the government had no right to retain that portion of the 1919 overpayment equal to the additional tax due for 1918. In Dickerson v. Colgrove, 100 U. S. 578, 580, 25 L. Ed. 618, the court said:

"The estoppel here relied upon is known. as an equitable estoppel, or estoppel in pais. The law upon the subject is well settled. The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. * * * There is no rule more necessary to enforce good faith than that which compels a person to abstain from asserting claims which he has induced others to suppose he would not rely on. The rule does not rest on the assumption that he has obtained any personal gain or advantage, but on the fact that he has induced others to act in such a manner that they will be seriously prejudiced if he is allowed to fail in carrying out what he has encouraged them to expect."

The relief of equitable estoppel is administered in favor of one who has been induced to alter his line of conduct with respect to the subject matter in controversy so as to have foregone some right or remedy which he otherwise would have taken. Under the doctrine of equitable estoppel, a person is held to a representation made or a position assumed, where otherwise inequitable consequences would result to another, who, having the right to do so under all the circumstances of the case, has, in good faith, relied thereon. Cf. Lucas v. J. C. Hunt (C. C. A.) 45 F.(2d) 781; Louis Werner Sawmill Co., 26 B. T. A. —, decided May 24, 1932. Although this case is not a suit in equity but is one at law in assumpsit, however, an assumpsit of this kind is of an equitable nature, New York Life Insurance Co. v. Anderson (C. C. A.) 263 F. 527, and the defendant may rely upon any defense which shows that the plaintiff in equity and good conscience is not entitled to recover in whole or in part. Myers v. Hurley Motor Co., 273 U. S. 18, 47 S. Ct. 277, 71 L. Ed. 515, 50 A. L. R. 1181; section 274b, of the Judicial Code, section 398, USCA tit. 28.

The facts and circumstances in this case distinguish it from the ordinary case where the taxpayer files the usual claim for credit. A claim for credit is directed primarily to the year in which there is an overpayment and operates to protect the rights of the person making it with respect to the statute of limitation for the year of the overpayment. That the plaintiff's telegram in this case was construed by the commissioner as its agreement to the collection of the 1918 tax out of the 1919 overpayment, as and when allowed, is evidenced by the fact that the commissioner on November 3, 1924, prior to the allowance of the overpayment for 1919, advised the plaintiff to file a claim for refund for 1919 to protect its interest against the statute of limitation for that year. The telegram in this case was not a claim for credit but it was directed primarily to the collection of the additional tax for 1918. By its terms the plaintiff represented to the commissioner that if he would instruct the collector not to collect the 1918 tax, it would consent to a satisfaction thereof out of the 1919 overpayment when allowed. The telegram was therefore more than a mere request for delay. It was a promise that the 1918 deficiency would be paid out of 1919 overpayment.

It is urged by counsel for plaintiff that the commissioner's reason for not collecting the tax for 1918 earlier than he did was due to the fact that he misunderstood the law and considered that there was no limitation on his right to collect by distraint. Assuming that the commissioner so construed the statute, this does not help the plaintiff inasmuch as the facts in this case show that had it not been for the representation made by plaintiff to the commissioner the tax for 1918, in the amount sought to be recovered, would have been timely collected.

The petition is dismissed. It is so ordered.