## GLOBE EXCELSIOR OAK TANNING CO.
### v. UNITED STATES.
### No. K–414.

Court of Claims.
Feb. 6, 1933.

Edwin Martenet, of Greensboro, N. C. (R. R. Miller and E. R. Zane, on the brief), for plaintiff.

L. A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

From the facts in this case which have been stipulated, it appears the plaintiff filed its income and excess profits tax returns under the Revenue Acts of 1916 and 1917 (forms 1031 and 1103) on February 6, 1919, and on February 19, 1919, the Commissioner of Internal Revenue assessed the taxes due in the sum of $28,347.99. On February 24, 1919, the revenue bill of 1918 became a law. The plaintiff filed a tentative return (form 1031–T) as provided for under the regulations of the Commissioner, in conformity with the Revenue Act of 1918 (40 Stat. 1057) on March 13, 1919. On June 11, 1919, the plaintiff filed its completed return under the act of 1918 (form 1120), and there was assessed and paid the sum of $63,171.51 on that date. On April 12, 1924, the sum of $19,173.95 was abated and a certificate of overassessment issued. After the application of this overassessment, there remained due and unpaid by the plaintiff to the government the sum of $9,174.04, a demand for which was made by the defendant on April 15, 1924. A claim in abatement of $5,201.28 was filed by the plaintiff on May 29, 1924,

and the balance of $3,972.76 paid on June 2, 1924. On June 24, 1924, the further sum of $2,503.37 was paid. On July 27, 1925, the Commissioner allowed the claim in abatement for the sum of $2,679.91, and applied an overpayment for another year of $18.

The plaintiff filed a claim for refund for $6,476.13 on April 3, 1929, and it was rejected by the Commissioner on July 25, 1929.

Suit was commenced in this court by original petition on September 5, 1929, and an amended petition was filed October 2, 1930.

The plaintiff kept its books on the fiscal year basis. The fiscal year in question began in 1917 and ended in 1918.

The contentions made by the plaintiff are:

(1) The return of February 6, 1919, was such a return as to start the running of the statute of limitations, and on February 6, 1924, the period of limitations had run. Section 250 (d) Revenue Act 1921, 42 Stat. 265.

(2) Section 611 of the Revenue Act of 1928 (26 USCA § 2611), does not defeat the right of plaintiff taxpayer to the refund sought under section 607 of said act (26 US CA § 2607) because the claim in abatement was filed after the statute of limitations had run and there was no stay of the collections.

■ The plaintiff made three returns during the year 1918, one before the passage of the 1918 act and two afterwards. The 1918 act was retroactive to January 1, 1918, and the Commissioner was not in a position to definitely know the real tax liability of the plaintiff until the final and complete return was filed. The statute did not commence to run until the completed return of June 11, 1919, was filed. Ralston Purina Co. v. United States (Ct. Cl.) 58 F.(2d) 1065, decided June 6, 1932, and cases therein cited. As was held in Whitney Bodden Shipping Co. v. United States, 72 Ct. Cl. 653, 657: "This was the return required by law for such taxable year." The cases cited by plaintiff [Myles Salt Co. v. Commissioner (C. C. A.) 49 F. (2d) 232; Isaac Goldmann Company v. Burnet, 60 App. D. C. 265, 51 F.(2d) 427, and Valentine-Clark Company v. Commissioner (C. C. A.) 52 F.(2d) 346], all involve situations which arose under the Revenue Act of 1921 with respect to a reduction in the allowable specific exemption from that allowable under the prior act, and are in no sense controlling under the Revenue Act of 1918, when the information required in a return under that act was often radically different (as in the case at bar) from that required under the prior act.

■ The plaintiff filed a claim in abatement on May 29, 1924, which was within the statutory period of limitations. The case therefore comes squarely within the provisions of section 611 of the Revenue Act of 1928, and recovery cannot be had. See Magee v. United States, 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442, Graham & Foster, Copartners, v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415.

The petition should be dismissed. It is so ordered.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.