Williams, Judge,
delivered the opinion of the court:
This is a suit of a lieutenant, junior grade, on active duty in the Navy, for rental and subsistence allowances authorized for an officer with a dependent mother from May 1, 1927, to April 3, 1932, on which latter date he was married. The claim is based on section 4, Act of June 10, 1922 (42 Stat. 625, 627), which provides:
That the term “dependent” as used in the succeeding section shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.
This court in numerous cases has considered the question of what constitutes the dependency of a mother for her chief support under the statute referred to. These cases lay down the rule that the mother of an officer is in fact dependent on him for her chief support within the meaning of the statute when he contributes the greater part of the funds necessary for her reasonable and proper support. The facts in this case clearly establish dependency within the rule thus laid down. In fact the defendant in the brief concedes that the plaintiff’s mother was dependent on him for her chief support during the period of the claim, and says that the sole question involved is “whether plaintiff is estopped from claiming rental and subsistence allowances on account of the alleged dependency of his mother by reason of his having certified on his pay vouchers that he had no dependents until his marriage.”
*659 It is true that the plaintiff did not during the period involved make any claim for rental and subsistence allowances on account of his mother either to the disbursing officers carrying his accounts or to the General Accounting Office, and that on his vouchers for rental and subsistence allowances which he claimed for himself he stated that he had “no dependents”, and that he was paid rental and subsistence allowances of an officer without dependents prior to his marriage on April 3, 1932. The proven and conceded facts, however, are that during all this time he did have a mother who was in fact dependent on him for her chief support and to whose support he contributed by direct allotments from his salary the sum of $35 monthly from May 1, 192T, to September 1927, and $40 monthly thereafter during the period of the claim. It is clear that the plaintiff was entitled to be paid the increased rental and subsistence allowances because of a dependent mother during the period involved, and that had he made claim for such allowances at the time, and the claim had been denied, he could recover in this action, suit therefor having been timely instituted. Is the plaintiff by reason of the fact that he certified on the pay vouchers that he had “no dependents” estopped from claiming that his mother, during the period of the claim, was dependent on him for her chief support? We do not think so.
The law of equitable estoppel or estoppel in pais, which is the estoppel here relied upon, is well settled. In defining the principle upon which it is based the Supreme Court in Dickerson v. Colgrove, 100 U. S. 578, said:
The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both. This remedy is always so applied as to promote the ends of justice. It is available only for protection, and cannot be used as a weapon of assault. It accomplishes that which ought to be done between man and man, and is not permitted to go beyond this limit.
*660 In Ralston Purina Co. v. United States, 75 C. Cls. 525, this court said:
The relief of equitable estoppel is administered in favor of one who has been induced to alter his line of conduct with respect to the subject matter in controversy so as to have foregone some right or remedy which he otherwise would have taken. Under the doctrine of equitable estoppel, a person is held to a representation made or a position assumed where otherwise inequitable consequences would result to another, who, having the right to do so under all the circumstances of the case, has, in good faith, relied thereon.
The principle of equitable estoppel can not be invoked against the plaintiff under the facts disclosed. The fact that he stated in the pay vouchers that he had “no dependents” did not induce the Government to alter its line of conduct with respect to the subject matter in controversy so as to have “foregone some right or remedy” which it would otherwise have taken, nor will any “inequitable consequences” result to the- Government if the plaintiff be' not held to the representation made in his pay vouchers. The law in plain terms gives to the plaintiff the allowances claimed. Certainly the payment of its legal obligations does not subject the Government to “loss or injury.” The remedy of equitable estoppel is always applied to promote the ends of justice. It accomplishes that “which ought to be done between man and man.” To apply the remedy in this case would not promote the ends of justice but would result in grave injustice to the plaintiff by withholding from him that which he is clearly entitled to receive. The principle of equitable estoppel does not go to this extent.
The plaintiff says he stated in the pay vouchers that he had no dependents because he was advised by disbursing officers with whom he served that according to the interpretation of the Comptroller General of the United States his mother was not a dependent, and that it was not until after his marriage that he found out the Comptroller General’s interpretation of the law was not correct. While plaintiff’s information as to the ruling of the Comptroller General *661 was not accurate be accepted it as true and acted upon it. This explains the inconsistency of his statements in the pay youchers that he had no dependents at the very time he was regularly contributing from his salary the major portion of the funds necessary to his mother’s support. The plaintiff’s testimony in this respect stands uncontradicted. Undoubtedly the statements in the pay vouchers were based upon plaintiff’s innocent mistake as to his legal rights. Estoppel does not arise where the representation or conduct of the party sought to be estopped is due to ignorance founded upon an innocent mistake. See Corpus Juris, Yol. 21, section 128, page 1125, and cases there cited.
The plaintiff is entitled to recover. Judgment is awarded plaintiff in the sum of $4,476.82. It is so ordered.
Whalev, Judge; Littleton, Judge; Gseen, Judge; and Booth, Ghief Justice, concur.