## MAGEE v. UNITED STATES.

No. 65. Argued December 9, 1930.—Decided January 26, 1931.

---

[19] See Note 7.

*Mr. Theodore B. Benson,* with whom *Mr. William Meyerhoff* was on the brief, for petitioner.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher, Assistant Attorney General Youngquist,* and *Messrs. Claude R. Branch,* Special Assistant to the Attorney General, *George H. Foster,* and *Erwin N. Griswold* were on the brief, for the United States.

Mr. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The petitioner filed his income tax return for 1916 in February, 1917. In October, 1921, the Commissioner of Internal Revenue assessed an additional tax, and in November, 1921, the petitioner filed a claim in abatement. In 1924, the Commissioner allowed the claim in abatement for a portion of the amount claimed and rejected it as to the residue, which the petitioner then paid, upon the collector's demand. In December, 1927, the petitioner filed a claim for refund, which was rejected, whereupon this suit was brought in the Court of Claims in December, 1928, to recover the amount paid. The court dismissed the action, applying section 611 of the Revenue Act of 1928 (c. 852, 45 Stat. 791, 875), 37 Fed. (2d) 763. This Court granted a writ of certiorari, 281 U. S. 713.

The questions presented with respect to the construction and validity of section 611 are the same as those considered in *Graham* v. *Goodcell, ante,* p. 409. The petitioner contends, however, that this section does not apply to his case, upon the ground that the tax was not assessed within the three-year period of limitation prescribed by

section 9 (a) of the Revenue Act of 1916 (c. 463, 39 Stat. 756, 763). The Court of Claims held that the assessment was valid under the provisions of section 250 (d) of the Act of 1921 (Act of November 23, 1921, c. 136, 42 Stat. 227, 265). We think the court was right in construing this statute as applicable to the assessment, although previously made, and hence that the tax was assessed "within the period of limitation properly applicable thereto," as required by section 611 of the Revenue Act of 1928.

The petitioner also insists that his claim in abatement was illegal under section 250 (d) of the Revenue Act of 1921. We do not find that there was any statutory prohibition of the filing of a claim in abatement in the circumstances here shown. The taxpayer benefited by the claim and is not in a position to contest its legality. Compare *United States* v. *The John Barth Company,* 279 U. S. 370, 376; *Florsheim Brothers Dry Goods Company, Limited,* v. *United States,* 280 U. S. 453, 464. The case falls within section 611 of the Revenue Act of 1928 and this precludes recovery.

*Judgment affirmed.*