## ROUTZAHN v. PETROLEUM IRON WORKS CO. OF OHIO.
### No. 5769.

Circuit Court of Appeals, Sixth Circuit.
March 11, 1932.

E. O. Hanson, of Washington, D. C. (Wilfred J. Mahon and John B. Osmun, both of Cleveland, Ohio, and C. M. Charest and R. P. Hertzog, both of Washington, D. C., on the brief), for appellant.

H. H. Hoppe, of Cleveland, Ohio (John Walsh, of Washington, D. C., and Taplin & Fillius, of Cleveland, Ohio, on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Plaintiff obtained a judgment in the court below for the recovery of federal income and excess profits taxes alleged to have been illegally assessed for the fiscal years ending June 30, 1918, and June 30, 1919, and to have been paid under protest and duress. Defendant appeals. A jury was waived by written stipulation, and the first question to be considered is the sufficiency of the record to permit this court to consider the meritorious questions involved.

In addition to the testimony taken in open court, the parties agreed upon a partial stipulation of the facts, and all relevant documents of the official file were introduced in evidence. At the conclusion of all the evidence the attorney for the defendant moved the court "for judgment on the ground [that] there is no evidence whatsoever to support a judgment in favor of the plaintiff." Counsel for plaintiff also moved for judgment in its favor. Thereupon the court announced, orally, that he had "determined to find judgment in favor of the plaintiff; and the Government may have its exceptions," but no formal entry of judgment was then placed of record. This was the full equivalent of a denial of the motion of the defendant and the reservation of an exception to the action thus taken. Formal judgment was subsequently entered, separate findings of fact and conclusions of law being incorporated therein. To this "final order of judgment" defendant was also allowed an exception. The conclusions of law contained in the judgment entry are each separately assigned as error, including the "holding as a conclusion of law that the payment of the taxes herein in question was an overpayment * * * and that the same should be refunded to the plaintiff."

While the defendant may be barred, upon this record, from contesting the accuracy or propriety of, or the justification for, any of the findings of fact, we are of the opinion that the questions (1) of the sufficiency of the facts found to support the judgment, and (2) whether the court erred in denying the defendant's motion for judgment, and granting that of the plaintiff, are sufficiently preserved for our consideration. 28 USCA §§ 875 and 879. There was no dispute as to the facts, either actual or as found by the court; but only as to the conclusions of law to be drawn therefrom. To the conclusion of the court that the plaintiff was entitled to recover, the defendant saved his exceptions, at all stages of the trial. This is enough, especially in view of that liberality of interpretation of the acts and language of the parties which should be applied in the furtherance of justice. Indeed, the questions of law are so apparent upon the face of the record, and the attention of the court below was so clearly directed to them, that no express exception would seem to have been necessary. Cf. Nalle v. Oyster, 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1439; U. S. v. La Franca, 282 U. S. 568, 570, 51 S. Ct. 278, 75 L. Ed. 551.

The case was tried by the plaintiff in the District Court upon the theory that the statute of limitations had run against the collection of taxes for the year ending June 30, 1918, because, after jeopardy assessment within the period of such limitation, "plaintiff had no right to file a claim in abatement as to such additional tax and its purported claim in abatement thereof filed May 12, 1924, was not a pending claim in abatement," and because the fact that the plaintiff had received no formal notice and demand for payment prevented the claim from being considered as an effective claim in abatement. As to the tax for the year ending June 30, 1919, it was contended by plaintiff, and found by the court, that the filing of a claim in abatement without bond did not stay the collection of the tax sought to be abated, and that, as the claim in abatement was definitely rejected approximately seven months prior to the expiration of the period of limitation, and the tax was not collected within such period, the statute must be considered as a bar and section 611 of the Revenue Act of 1928 (26 USCA § 2611) must be regarded as inapplicable.

The position taken by the plaintiff in the court below as to these matters is completely answered by the decisions of the Supreme

Court in Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415, and Magee v. United States, 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442. The latter case is particularly relevant to plaintiff's present position in respect of taxes for the year ending June 30, 1918, for here, as there, "the taxpayer benefited by the claim [in abatement] and is not in a position to contest its legality." But this fact aside, it is equally clear that the court found, in its findings of fact, every fact, condition, and circumstance necessary to make section 611 of the Revenue Act of 1928 effective, including the fact that what was denominated a claim in abatement for the 1918 taxes was filed after receipt of notice of the deficiency assessment. The filing of such a claim was invited by this notice. The claim was treated as a claim in abatement by both parties, and was allowed in large part. In our opinion its filing was not precluded by section 250 (d) of the Revenue Act of 1921 (42 Stat. 264), the purpose of which, we think, was to obviate the necessity of such claims after opportunity to be heard had been afforded upon the giving of the thirty-day notice and before final action. It was only "then" and "in such cases" that the section provided "no claim in abatement of the amount so assessed shall be entertained." Such is not the case here, for the jeopardy assessment was made without notice and without opportunity to be heard. We see nothing in the nature of the claim, or in the time or manner in which it was filed, which can in any way take the case out of the operation of section 611.

■■ The situation in respect of 1919 taxes is even more clearly within the doctrine of Graham & Foster v. Goodcell, supra, if such a thing were possible. The plaintiff has abandoned the position taken in the court below in regard to these taxes and now asserts that the record is devoid of evidence of the "assessment" of these taxes prior to June 2, 1924 (see section 611, Revenue Act of 1928). On December 15, 1919, plaintiff filed its return for the year ending July 30, 1919. The total tax liability shown by this return was $862,120.55. Of this sum plaintiff paid all but $86,563.51, and, in lieu of paying this balance, filed its claim in abatement without bond on June 15, 1920. This claim was rejected May 5, 1924. It is idle to say that no part of the tax for this year was ever assessed. When a return is received it is, under the regulations, examined and listed by the collector and forwarded to the commissioner. The initial assessment is then made "on the basis of the collector's list," subject always to correction and redetermination. See Commissioner v. Ohio Falls Dye & Finishing Works, 50 F.(2d) 660 (C. C. A. 6). The claim in abatement admits the assessment. The specific allegation in defendant's answer that the taxes in question were assessed prior to June 2, 1924, is not denied. The fact of assessment was assumed by court and counsel in the hearing below, and the point may not be made here for the first time. The contention is without merit.

■■ Lastly, it is claimed by the plaintiff that recovery of the 1919 taxes should be allowed because in the warrants for distraint, and in the receipts given upon payment, the taxes for that year were erroneously designated and described as "1918 Fisc. Income—1919 list." This was an error and irregularity, which, however, does not invalidate the collection. No one was deceived. In the findings of fact the court below recognizes the error and allocates the respective portions of the gross payment to the proper years. In order to recover it was necessary for the plaintiff to show an overpayment of its taxes. This cannot be done by a showing merely of misnomer and clerical error in connection with a payment otherwise clearly due. Lewis et al., Trustees, v. Reynolds, Collector, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. ——; cf. Champ Spring Co. v. United States, 47 F.(2d) 1 (C. C. A. 8).

The court below erred in denying the defendant's motion for judgment and in granting that of the plaintiff. The facts found are insufficient to support the judgment which is accordingly reversed, and the cause is remanded for a new trial. Appellant is awarded costs in this court.