**BOOTH–BOYLE LIVE STOCK CO. v. UNITED STATES.**

No. L–328.

Court of Claims.

Feb. 6, 1933.

480

Frank J. Albus, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff filed its income and excess-profits tax return for the calendar year 1919 on March 15, 1920, and duly paid the tax thereon.

On June 17, 1921, the Commissioner of Internal Revenue assessed an additional tax of $4,534.50, and on July 13, 1921, the plaintiff filed a claim in abatement. In 1924 the plaintiff was given a credit of $157.44 which represented an overassessment on its 1920 tax. On August 2, 1927, the plaintiff paid under protest the $4,534.50 assessed by the commissioner together with interest thereon.

In August, 1927, the plaintiff filed a claim for refund which was rejected. Suit was brought in this court on August 11, 1930. Plaintiff contends it is entitled to recover for the reason that collection was not made within six years after the assessment of the tax as provided by section 1109 (a) (3) of the Revenue Act of 1926 (26 USCA § 107) and section 506 (a) of the Revenue Act of 1928 (26 USCA § 1061) regardless of the provisions of section 611 of the Revenue Act of 1928 (26 USCA § 2611) with respect to the filing of an abatement claim.

Section 611 of the Revenue Act of 1928 (45 Stat. 875, 26 USCA § 2611) provides: "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after [the enactment of this act]) shall not be considered as an overpayment under the provisions of section 2607 [607], relating to payments made after the expiration of the period of limitation on assessment and collection."

No extended discussion is necessary in this case. The assessment of the tax was timely, and before June, 1924, a claim in abatement was filed; the collection was stayed and the payment of the tax was made before the enactment of the 1928 act. This case is on all fours a 611 case and recovery is barred by that section. We can find no merit in the contention that, although an abatement claim is filed, nevertheless a collection must be made within six years after the assessment date. We are unable to find such a limitation. Graham et al. v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415; Magee v. United States, 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442.

The petition must be dismissed. It is so ordered.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.