## MULFORD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5014.

Circuit Court of Appeals, Third Circuit.

July 25, 1933.

Robert A. Littleton, of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., of counsel), for petitioner.

J. P. Jackson, of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and A. H. Conner, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Hugh Brewster, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This case is here on petition to review the order of redetermination of the United States Board of Tax Appeals. The question at issue is whether or not the waiver filed by the taxpayer for the year 1917 is valid.

The petitioner filed his income tax return in March, 1918, for the calendar year of 1917, but the return was not then audited, and before his actual liability was determined, the statute of limitations for assessment for that year was about to expire and he was requested to execute a waiver. This he did on February 5, 1923, as follows:

"February 5, 1923 (Date)

"Income and Profits Tax Waiver.

"In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921 Spencer K. Mulford of Wyncote, Penna., and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profit or war-profits taxes due under any return made by or on behalf of the said —— for the years —— or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes', ap-

proved August 5, 1909, irrespective of any period of limitations.

"This waiver expires one year from date. "[Signed] Spencer K. Mulford, Taxpayer. "By D. H. Blair, Commissioner."

On December 10, 1923, the taxpayer executed another waiver expressly covering the year 1917. This waiver by its terms expired December 31, 1924. On December 8, 1924, a third waiver, covering the year 1917, was executed and filed, extending the limitation to December 31, 1925.

The deficiency of $36,354.47 here involved was assessed December 23, 1925, eight days before the expiration of the last waiver. A claim in abatement was filed, but this was rejected on November 4, 1927, and the petition in this case was filed by the taxpayer the same day. The board determined that the waivers were valid and the petitioner owed the deficiency of $36,354.47.

The petitioner says that the deficiency for the calendar year of 1917 is barred from assessment and collection by the expiration of the statute of limitations and that it was not extended by the first waiver of February 5, 1923.

This contention is based upon the assumption that this waiver is not applicable to the year 1917 or to any particular year because no year is mentioned in the waiver; that it was void for uncertainty and the omission of the year cannot be supplied by parol evidence or inference; and that the waiver, therefore, did not prevent the statute from running.

There seems to be no question as to the correctness of the amount of the tax if the waiver extended the limitation of the statute. The entire question rests upon the validity of this first waiver as to the year 1917.

■ This waiver was dated February 5, 1923, a little less than two months before the five-year period of limitations to make the assessment for that year, expired on March 30, 1923. The taxpayer and the commissioner both, doubtless, had some year in mind when this waiver was executed. The object in their minds was to waive the statute of limitations for that year. "An effective and not a futile act was intended." Stange v. United States, 282 U. S. 270, 277, 51 S. Ct. 145, 148, 75 L. Ed. 335. The effective act was the consent of the taxpayer and commissioner to a determination, assessment, and collection of the correct amount of taxes due under the return

made by the petitioner for the year which they both had in mind. The only contested tax matter between the taxpayer and the commissioner was the tax involved in the return for the year 1917. The waiver was intended to apply to that year, otherwise it would not have been executed, for there was no other tax or year in question that called for a waiver. The statute had already run as to the taxes for all the years prior to 1917. There was, therefore, no other year or tax to which it would or could apply than the year 1917. As there was no other year to which the waiver could apply, "there is no basis for denying its obvious purpose." Burnet v. Chicago Ry. Equipment Company, 282 U. S. 295, 51 S. Ct. 137, 140, 75 L. Ed. 349. Consequently the circumstances force us to the conclusion that the parties intended this waiver to apply to the year 1917, and if they did, as the board found, we think that it did not err in so finding.

■ In any event, it appears that both the petitioner and the commissioner consented to this waiver, relied upon it as valid, and acted accordingly. The petitioner may not now repudiate it. Liberty Baking Co. v. Heiner (C. C. A.) 37 F.(2d) 703; Magee v. United States, 282 U. S. 432, 434, 51 S. Ct. 195, 75 L. Ed. 442.

If this waiver was valid for the year 1917, it is decisive of the issue before us, for the petitioner's entire argument is based upon the validity of this waiver. He says that: "The document of December 10, 1923, relied upon by the Commissioner as a link in the chain of waivers extending the statutory period for collection of the jeopardy assessment of December 23, 1925, for the year 1917, is void for three reasons: (1) It is the renewal of a prior void waiver, (2) was induced by the misrepresentation of a fact, and (3) obtained under duress."

His major premise is that the waiver of February 5, 1923, is invalid. This is untenable, as we have above held, and falls, and so the minor premises, based thereon, must fall with it. This being a valid waiver, under the circumstances of this case, the renewal waivers of December 10, 1923, and December 9, 1924, were valid. They were, therefore, not induced by the misrepresentation of a fact nor obtained under duress.

It follows that the order of redetermination of the board must be affirmed and the determination of the commissioner approved.