James F. Armstrong, of Providence, R. I. (Harold A. Andrews and Hinckley, Allen, Tillinghast, Phillips & Wheeler, all of Providence, R. I., on the brief), for petitioner.

Francis H. Horan, Sp. Asst. to Atty. Gen. (Pat Malloy, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for the Commissioner.

Before WILSON and MORTON, Circuit Judges, and HALE, District Judge.

MORTON, Circuit Judge.

This is a petition on behalf of the taxpayer to review a decision by the Board of Tax Appeals (26 B. T. A. 1154), involving income taxes for the year 1928. The taxpayer, Thomas J. Moran, died in 1930, and the petition is prosecuted by his executrix.

There is no dispute as to the facts. The items in controversy consist of interest on certain certificates of deposit held by Mr. Moran. From time to time he deposited substantial amounts of money in two trust companies in Providence, R. I., and took therefor certifi-

cates of deposit. The earliest of these deposits appears to have been made in January, 1915, and the latest in March, 1928. The certificates bore interest, the rate of which might be varied on notice to the holder. No interest was credited on the companies' books to any particular certificate or person, until the certificate was presented, when the interest on it was figured and paid. Such payments were charged to a general interest-due account on the books of the trust companies.

For a number of years before 1928 Mr. Moran did not present some of his certificates and collected no interest on them. In March, 1928, he presented all of them and collected back and current interest on them amounting to about $24,000. As much of this interest as was earned in 1928 he returned as income for that year. He did not return the amount received as interest for prior years; nor had he reported such interest in the years in which it accrued. Neither party contends that Moran acted fraudulently; and there is no such finding by the Board of Tax Appeals. The Commissioner included all the interest received in 1928 as income for that year; and the Board of Tax Appeals affirmed his action.

It is argued for the executrix that the interest was "constructively received" by Mr. Moran in the years in which it accrued, and should therefore be taxed in those years, and not as a lump sum in 1928. For the earlier years the tax is outlawed, and as to them the contention is that the tax has been lost. The Commissioner urges (1) that Moran, having elected to treat the interest as not received until actually collected, and having acted on that election in making his tax returns for the prior years in which the interest accrued, cannot now be heard to say that the interest should have been returned and taxed in the years in which it became payable, and that Moran's estate stands in no better position, and (2) that the interest in question was not received by Moran until he collected it.

■ In our opinion, the Commissioner's first contention must be sustained. Assuming—as we are bound to assume on the record before us—that Moran acted honestly, his conduct, in not including the interest as it accrued in his early returns, evidenced an election on his part to treat it as not received until actually collected. Having made that election and acted on it in his dealings with the government, and having had the benefit of that position, and rights having become fixed on that basis, we are clear that his estate ought not now to be allowed to repudiate the position so definitely taken nor to assert rights inconsistent therewith. Magee v. United States, 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442; Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 39 L. Ed. 578; Casey v. Galli, 94 U. S. 673, 680, 24 L. Ed. 168; Hartwell Mills v. Rose, 61 F.(2d) 441 (C. C. A. 5). "If it was a mistake, of which there is no evidence, it was one made by the defendant, of which he took the benefit, and the plaintiff the loss, and it is too late to correct it." Curtis, J., Philadelphia, W. & B. R. Co. v. Howard, 13 How. 307, at 337, 14 L. Ed. 157. The present case is not different in principle from those in which a taxpayer, having the right to file either one of two different sorts of returns, makes his choice and files his returns accordingly. It is settled that he cannot afterwards change. Radiant Glass Co. v. Burnet, 60 App. D. C. 351, 54 F.(2d) 718. This is so even where the taxpayer, under a mistake of law, was unaware that he had the right to choose. Buttolph v. Commissioner, 29 F.(2d) 695 (C. C. A. 7).

It is not a case in which income, unquestionably received, was not included in the tax returns. There are provisions in the statutes dealing with such situations. Here there was room for real doubt as to whether the interest, which was obtainable but was not actually in hand, ought to be returned. Moran honestly took the position—which the Commissioner now takes—that the interest was not received before actually collected. It was open to Moran to choose which way he would deal with the matter. It might also have been open to the Commissioner to challenge Moran's right to take the course which he followed. But, where the Commissioner does not challenge it, but on the contrary accepts it, and, as we have said, rights have become fixed, Moran could not repudiate his election, nor can his estate do so.

It is unnecessary to decide the second point. We may say, however, that the doctrine of "constructive receipt" seems to us of doubtful value. The question really is whether money or property is received within the meaning of the tax statutes; and we doubt whether discussion of it is clarified by the fictitious approach.

The decision of the Board of Tax Appeals is affirmed.