**PETROLEUM IRON WORKS CO. OF OHIO v. UNITED STATES.**

No. L–403.

Court of Claims.

Jan. 8, 1934.

Louis A. Spiess, of Washington, D. C. (John Walsh, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This is a 611 case.

The special findings of fact are taken from the stipulations of the parties and are, therefore, not in dispute.

The plaintiff on December 15, 1919, filed its income and profits tax return for the fiscal year ended June 30, 1919, showing a total tax liability of $862,120.55, of which amount $775,557.04 was duly paid in installments. On June 15, 1920, plaintiff filed an amended return showing a tax liability of $775,557.04 and at the same time filed a claim in abatement for $86,563.51; this amount being the difference between the tax liability as shown on the original and amended returns. The claim in abatement was rejected on May 9, 1924; the amount involved was thereafter paid on September 2, 1925, after seizure of plaintiff's property, and suit was subsequently brought for its recovery.

In Routzahn, collector, v. Petroleum Iron Works, 56 F.(2d) 938, the Circuit Court of Appeals (Sixth Circuit) held that section 611 of the Revenue Act 1928 (26 USCA § 2611), was applicable and recovery was denied. While the facts relating to the foregoing suit are set out in the stipulations they are not repeated in detail in the findings of this suit for the reason that the aforesaid suit was against the collector and for an entirely different amount than that involved in this suit and are unnecessary for a disposition of the

issues in this case. See Sage v. United States, 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828.

On March 3, 1924, the Commissioner notified plaintiff of a proposed assessment of $27,830.64 in addition to all amounts theretofore assessed and on May 19, 1924, duly assessed this additional tax. After notice and demand by the collector and after conferences between the plaintiff and the Commissioner, the plaintiff filed on November 15, 1924, a claim in abatement of the additional assessment of $27,830.64, and the collection of the tax was stayed until the claim in abatement was rejected on April 13, 1925.

The plaintiff paid the additional tax with interest on May 29, 1926, and, after a claim for its refund was rejected, brought this suit for its recovery.

This case falls squarely within the provisions of section 611 of the Revenue Act of 1928 and accordingly recovery is barred.

Section 611 provides: "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after [May 29, 1928] the enactment of this act) shall not be considered as an overpayment under the provisions of section 607 [2607] relating to payments made after the expiration of the period of limitation on assessment and collection."

In the case of Graham v. Goodcell, 282 U. S. 409, 416, 51 S. Ct. 186, 189, 75 L. Ed. 415, the court in construing section 611 said: "*As to the construction of the statute*: Section 607 [26 USCA § 2607] provides that a tax assessed or paid after the expiration of the period of limitation applicable thereto shall be considered an 'overpayment' and shall be credited or refunded to the taxpayer, if claim therefor is duly filed. Section 611 enacts a qualification by providing that in stated circumstances the payment of the tax shall not be considered an overpayment under the provisions of section 607. These circumstances are (a) an assessment of the tax within the time applicable thereto and before June 2, 1924, (b) the filing of a claim in abatement, (c) the stay of the collection of any part of the tax, and (d) the payment of such part of the tax before, or within one year after, the enactment of the act of 1928."

The plaintiff's return for the fiscal year ended June 30, 1919, was filed December 15, 1919. Under section 250 (d) of the Revenue Act of 1921 the Commissioner had five years from that date in which to assess the tax, therefore the period for assessment expired on December 15, 1924. The additional tax of $27,830.64 having been assessed on May 19, 1924, was seasonable and likewise was prior to the date of June 2, 1924, named in the statute. A claim in abatement was filed November 15, 1924, the collection of the tax was stayed until after the rejection of the claim in abatement and the tax was collected May 29, 1926, which was prior to the enactment of the act of 1928. At that time the statutory period for collection had expired under section 250 (d) supra; and therefore but for section 611 the payment would have been refundable under section 607 of the Revenue Act of 1928 (26 USCA § 2607). It is readily apparent that all requirements of the statute have been satisfied.

The plaintiff, however, contends that section 611 is not applicable because the claim in abatement was filed after the period mentioned in section 250 (d) in which appeals are allowed and therefore was a nullity.

We find little merit in this contention. It is based on a narrow technicality. It is sufficient to say the permission to file the claim in abatement was granted at the earnest entreaty of the plaintiff; it was carefully considered and the taxpayer benefited thereby. It is only necessary to say that on October 10, 1924, the plaintiff made a formal application for the benefit of special assessment and on November 15, 1924, filed the abatement claim. It must be borne in mind that up to that time the statutory period for collection had not expired, and it is a fair assumption that the delay in collection up to that time was due to the earnest entreaties of the plaintiff and the delay was beneficial to the plaintiff.

As the court said in Magee v. United States, 282 U. S. 432, 434, 51 S. Ct. 195, 196, 75 L. Ed. 442, decided at the same time as Graham v. Goodcell, supra, "The taxpayer benefited by the claim and is not in a position to contest its legality."

The plaintiff is not entitled to recover, and the petition is therefore dismissed. It is so ordered.