## CENTURY ELECTRIC CO. v. UNITED STATES.

### No. 10015.

Circuit Court of Appeals, Eighth Circuit. Jan. 28, 1935.

Rehearing Denied March 4, 1935.

Chase Morsey, of St. Louis, Mo. (Roy M. Eilers and Thomas B. Harlan, both of St. Louis, Mo., on the brief), for appellant.

A. F. Prescott, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Harry C. Blanton, U. S. Atty., of Sikeston, Mo., Sewall Key, Sp. Asst. to Atty. Gen., and Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment in favor of appellee, defendant below, in an action brought to recover a refund of federal income and profits taxes collected from plaintiff, appellant here, July 21, 1925, on an additional assessment made by the collector of internal revenue on February 25, 1924, for the year 1917.

Undisputed facts leading up to the action for refund were substantially as follows: In March, 1918, appellant filed with the collector of internal revenue at St. Louis, Mo., federal income and profits tax returns for the calendar year 1917, and paid the tax shown thereon. Additional returns for 1917 were also made by appellant in 1918 and 1919, and the taxes shown thereon were paid by it.

On January 27, 1923, appellant and the Commissioner of Internal Revenue signed a so-called unlimited waiver wherein the parties consented to "a determination, assessment and collection of the amount of income, excess profits, or war profits taxes due under any return made by or on behalf of the said Century Electric Company, for the year 1917 * * * irrespective of any period of limitations."

On April 11, 1923, the Commissioner promulgated a rule that certain unlimited waivers such as the one signed by appellant should be held to expire April 1, 1924.

On February 7, 1924, the Commissioner wrote appellant that an immediate assessment of additional or deficiency tax for 1917 would be made, and inclosed a schedule and computation. The additional tax was assessed by the Commissioner February 25, 1924.

The appellant protested March 5, 1924, and requested an assessment under the special relief provisions of section 210 of the Revenue Act of 1917, 40 Stat. 307; and further claimed on March 28, 1924, that it had never received full benefits of section 250 (d) of the Revenue Act of 1921 (42 Stat. 264).

The Commissioner by telegram and by letter, both dated March 29, 1924, admitted that in making the additional assessment in February, 1924, against appellant for 1917, section 250 (d) of the Revenue Act of 1921 was not complied with, and recommended that a claim in abatement be accepted.

A claim in abatement was accordingly made by appellant on April 1, 1924, and further efforts at collection by the collector were stayed.

The claim for abatement was denied by the Commissioner May 5, 1925, and plaintiff was so advised.

The request for assessment under section 210 of the Revenue Act of 1917 was also denied.

Notice and demand was thereupon made upon appellant, and payment was made by it July 21, 1925.

In December, 1928, claim for refund was made by appellant on the sole ground that the collection of the tax had been made

after the statute of limitations had run. March 25, 1929, the claim for refund was denied, and the present suit followed.

There were two trials in the court below, at each of which a jury was duly waived. Judgment was ordered for defendant at the first trial, and plaintiff filed its motion for a new trial. A new trial was granted with the consent of the defendant. On the second trial, the court again held in favor of defendant and entered judgment on December 1, 1932.

The court rendered oral opinions in connection with its pronouncement of judgment in both trials, but made no separate findings.

The reasons for granting the second trial, and the new evidence adduced thereon, are set out by the trial court in its oral opinion rendered at the close of the second trial as follows:

"A motion for a new trial was filed by plaintiff, bottomed largely upon the contention that the Court had not sufficiently considered the alleged invalidity of the assessment of the taxes herein sought to be recovered by plaintiff. Pending this motion for a new trial, counsel for plaintiff and defendant filed a stipulation, or agreed in open court, or both, that a new trial should be granted, and that some further evidence should be taken on such trial, and all this accordingly was done and the cause again submitted.

"This new evidence consisted in the offering by defendant of Exhibits A-1 and A-2, and a certain stipulation of fact. Exhibit A-1 is dated January 29, 1923, and is a letter, with numerous attached schedules from the Deputy Commissioner of Internal Revenue to the taxpayer, plaintiff herein. These schedules deal with the details of taxes of the plaintiff for several different years, including those in dispute here for the year 1917. The letter embodies the so-called thirty days' notice provided for by section 250 (d) of the Revenue Act of 1921, for lack of which, as I understand the position of plaintiff, it largely bottoms its contention that the assessment was and is invalid.

"Exhibit A-2, offered on the last trial, is a copy of the appeal of the taxpayer, plaintiff herein, to the Commissioner of Internal Revenue. So, it now appears in evidence, in addition to the agreed facts on which the case was first tried, that not only was the thirty days' notice required by section 250 (d), supra, given to the taxpayer, but that the latter took and was allowed its appeal."

The main contention raised by plaintiff in its complaint and relied upon both in the trial court and on this appeal is that the deficiency tax in question was collected by the government after the collection was barred by the applicable statute of limitations, and that the tax should therefore be refunded. The statute (section 607, Revenue Act 1928, 26 USCA § 2607) reads as follows: "§ 2607. *Effect of Expiration of Period of Limitation against United States*. Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after May 29, 1928) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

On the other hand, the contention of the government is that section 611 of the same Revenue Act (26 USCA § 2611) controls, and that the collection was not barred. The two sections must be read together. The latter section reads as follows:

"§ 2611. *Collections Stayed by Claim in Abatement*. If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after May 29, 1928) shall not be considered as an overpayment under the provisions of section 2607, relating to payments made after the expiration of the period of limitation on assessment and collection."

The purpose of section 611 is stated by the Supreme Court in the case of Graham & Foster v. Goodcell, 282 U. S. 409, page 416, 51 S. Ct. 186, 189, 75 L. Ed. 415, in the following language: "The occasion for this legislation, and the general purpose of the Congress in enacting it, are apparent. The Revenue Act of 1918, by section 250 (d), (chapter 18, 40 Stat. 1057, 1083) provided that 'no suit or proceeding' for the collection of taxes should be begun 'after the expiration of five years after the date when the return was due or was made.' This provision applied only to taxes assessed under that Act. Section 250 (d)

of the Revenue Act of 1921 (chapter 136, 42 Stat. 227, 265) prescribed the same period of limitation for collection by suit or proceeding, and the provision was made applicable to the collection of taxes both under that Act and under prior income, excess-profits, or war-profits tax Acts, the five years running from the date of the filing of the return. The Treasury Department ruled that this limitation applied only to judicial proceedings and not to collection by distraint, the common method of enforcing payment. Section 1106 (a) of the Revenue Act of 1926 (chapter 27, 44 Stat. 9, 113 [26 USCA § 1249 note]) provided that the statute of limitations should 'not only operate to bar the remedy' but should 'extinguish the liability,' but that 'no credit or refund in respect of such tax' should be allowed unless the taxpayer had 'overpaid the tax.' In Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676 (decided February 21, 1927), this court held that the period of limitation fixed by section 250 (d) of the Revenue Act of 1921 did apply to collection by distraint proceedings. It thus appeared that many of the collections theretofore made had been barred by the statute, and suits were brought to recover the moneys paid. In many cases claims in abatement had been filed and proceedings for collection had been delayed until the claims had been acted upon, and thereupon the taxes had been collected despite the fact that the statute of limitations had run. Large amounts had been paid into the Treasury in this way, and it was the purpose of the Congress that payments made in the circumstances described in section 611 of the Revenue Act of 1928 (26 USCA § 2611) should not be refunded."

The circumstances under which section 611 provides that a payment of taxes shall not be held an overpayment are also set forth in the same case. They are: "(a) an assessment of the tax within the time applicable thereto and before June 2, 1924, (b) the filing of a claim in abatement, (c) the stay of the collection of any part of the tax, and (d) the payment of such part of the tax before, or within one year after, the enactment of the Act of 1928."

We think these circumstances were all present in the case at bar.

On the first trial, the court had held that the question of the invalidity of the assessment for lack of compliance with section 250 (d) could not be considered, since the sole ground urged in the claim for a refund was that the tax was barred by the statute of limitations when it was collected. Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Bladine v. Chicago Joint Stock Land Bank, 63 F.(2d) 317 (C. C. A. 8); Snead v. Elmore (C. C. A.) 59 F.(2d) 313; Taber v. United States, 59 F.(2d) 568 (C. C. A. 8); Fred Harvey, Inc., v. Crooks, 54 F.(2d) 353 (C. C. A. 8); Red Wing Malting Co. v. Willcuts, 15 F.(2d) 626, 49 A. L. R. 459 (C. C. A. 8).

However, a second trial was had by consent of the parties in order that the trial court might consider more fully the question of the invalidity of the assessment.

Conceding, but without deciding, that the consent for the second trial was a waiver of the point made on the first trial that the question of the invalidity of the assessment was not open, it is sufficient to say that the trial court has, by its judgment on the second trial, found upon all the evidence adduced that there was a compliance with section 250 (d), and that the assessment was valid. The evidence to sustain such finding was substantial, and the finding must, therefore, stand.

Equally ineffective, and for the same reason, is the contention made by the taxpayer that the claim in abatement made by it was not such a claim in abatement as is contemplated by section 611 of the Revenue Act of 1928.

The claim of estoppel in pais against the government based upon the telegram and letter of March 29, 1924, was, under the circumstances disclosed, rightly rejected. Plaintiff was not misled to its detriment by the erroneous statement of the Commissioner.

Several minor questions raised by the taxpayer are, we think, conclusively answered by the opinion of the court in the case of Graham & Foster v. Goodcell, supra, and by the opinion of the court in the case of Hartwell Mills v. Rose (C. C. A.) 61 F.(2d) 441. See, also, Magee v. United States, 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442; Mascot Oil Co. v. United States, 282 U. S. 434, 51 S. Ct. 196, 75 L. Ed. 444.

We think the judgment entered was right, and it is hereby affirmed.