TED W. BALLARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ballard v. Commissioner
Docket No. 16223-86.[1]
United States Tax Court
T.C. Memo 1987-471; 1987 Tax Ct. Memo LEXIS 467; 54 T.C.M. (CCH) 580; T.C.M. (RIA) 87471; September 17, 1987. *468 Ted W. Ballard, pro se. Michael Urban, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180, 181 and 182. [2]
Respondent determined the following deficiencies in petitioners' Federal income taxes: YEAR
AMOUNT
1981
$ 1,247
1982
631
1983
1,188
The issues for our decision are (1) whether the statute of limitations barred respondent's determination as to 1981 because petitioners' consent to extend such statute was secured under duress; and (2) whether petitioners' right to due process was violated during the administrative process thereby rendering the notice of deficiency invalid. Ted W. Ballard (hereinafter "petitioner") resided in Houston, Texas when his petition in this case was filed. Some of the facts have *469 been stipulated and are incorporated herein by this reference. Petitioner timely filed joint income tax returns with his wife for all years in issue. Respondent initially contacted petitioner with regard to auditing his 1981 income tax return on June 8, 1983. Although numerous communications between the parties followed, on October 20, 1984, petitioner and his wife executed a consent (Form 872), purportedly extending the statute of limitations on their 1981 income tax return until April 15, 1986. On April 7, 1986, respondent issued a notice of deficiency covering the years 1981, 1982, and 1983 in which he disallowed all deductions claimed with regard to petitioner's television production activity on the grounds that the activity was not engaged in for profit. In addition, respondent disallowed a casualty loss claimed for 1981, an investment credit claimed for 1983, and made automatic adjustments to medical expense deductions for 1981 and 1983. On May 27, 1986, a timely petition was filed with this Court. [3] Although that petition could reasonably be interpreted to substantively challenge respondent's determinations, petitioner did not address those adjustments at trial. Instead, *470 petitioner exclusively argued that both the Form 872 (extending the statute of limitations for 1981) [4] and the notice of deficiency (covering 1981, 1982 and 1983) were invalid. [5]
*471 STATUTE OF LIMITATIONS Petitioner contends that, since he timely filed his 1981 income tax return, the statute of limitations for assessment of income tax thereon expired on April 15, 1985, and therefore, all adjustments on the notice of deficiency issued April 7, 1986 pertaining to the taxable year 1981 are barred. At trial, respondent produced a consent (Form 872) signed by petitioner and his wife on October 200, 1984, extending the statute of limitations through April 15, 1986. Petitioner argues, however, that this consent is not valid because it was executed under duress caused by the respondent's threat to withhold an Appeals Division conference if petitioner failed to consent to the extension. The statute generally provides that income tax must be assessed within three years after an income tax return is filed. Sec. 6501(a). [6] The period of limitations may be extended, however, if the taxpayer and the Internal Revenue Service execute a written extension agreement before the expiration of the limitations period. Sec. 6501(c)(4). *472 When a taxpayer alleges that assessment is barred by the statute of limitations and makes a prima facie case by proving the filing date of his income tax return and the expiration of the statutory period prior to the mailing of the notice of deficiency, the burden of going forward with evidence shifts to respondent. Robinson v. Commissioner,57 T.C. 735, 737 (1972). [7] Respondent may discharge this burden by showing that the parties executed a written consent, valid on its face, extending the period of limitation for assessment, and that the notice of deficiency was mailed prior to the expiration of the extended period. If respondent introduces an apparently valid consent and the taxpayer asserts that such consent is ineffective, it is then the taxpayer's burden to affirmatively show the invalidity of the written consent. Crown Willamette Paper Co. v. McLaughlin,81 F.2d 365 (9th Cir. 1936); Concrete Engineering Co. v. Commissioner,19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932). [8] At trial, respondent produced a Form 872, signed *473 by petitioner and his wife on October 20, 1984, a date almost six months before the statute of limitations on 1981 was due to expire. Further, it is uncontested that the notice of deficiency was issued on April 7, 1986, eight days before the extension was to expire. Therefore, respondent has discharged his burden of going forward and to prevail, petitioner must prove that the consent was ineffective because it was executed under duress. [9]
*474 Petitioner claims that he signed the consent because he was told by respondent that he would be denied an Appeals Division conference unless he did so. However, respondent is not required to provide petitioner with a conference with the Appeals Division before issuing a notice of deficiency. See sec. 6212(a). [10] Therefore, respondent's statement that a notice of deficiency would be issued without a conference unless a consent for extension was signed was nothing more than notice that respondent intended to use lawful means at his disposal to assess the tax. See Burnet v. Chicago Railway Equipment Co.,282 U.S. 295 (1931); Mulford v. Commissioner,25 B.T.A. 238 (1932), affd. without discussion of this point 66 F.2d 296 (3d Cir. 1933). Moreover, respondent talked with petitioner on numerous occasions prior to the issuance of the notice of deficiency and apprised petitioner of his right to petition this court once the notice of deficiency was issued. Under these circumstances, we can find no duress. Consequently, we hold that the Form 872 petitioner executed for 1981 was valid, that it extended the statute of limitations to April 15, 1986, and *475 therefore, respondent's determination as to 1981 on the notice of deficiency issued on April 7, 1986 was not barred by the statute of limitations. [11]
DUE PROCESS Next, petitioner contends that respondent's actions prior to issuing the notice of deficiency violated his right to due process thereby rendering the notice of deficiency null and void. As a general rule, this Court will not look behind a notice of deficiency *476 to examine the motives, administrative policies, or procedures of respondent in making a determination. Vallone v. Commissioner,88 T.C. 794 (1987), and cases cited therein; Jackson v. Commissioner,73 T.C. 394, 400 (1979). The rationale for this conclusion is that a trial before this Court is a proceeding de novo and our determination must be based upon the merits of the case as presented here and not upon a record as previously developed at the administrative level. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). An exception to this rule exists where there is substantial evidence of unconstitutional conduct by respondent in determining the deficiency. See Suarez v. Commissioner,58 T.C. 792 (1972); Estate of Smith v. Commissioner,57 T.C. 650, 656 (1972), affd. 510 F.2d 479 (2d Cir. 1975). Petitioner alleges such evidence is present in this case. Initially, petitioner contends that the denial of the Appeals Division review was in violation of respondent's procedural rules, and that action amounted to a denial of due process of law. However, it is well established *477 that respondent's failure to provide an Appeals conference does not violate petitioner's right to due process. Riland v. Commissioner,79 T.C. 185, 197 (1982); Cupp v. Commissioner,65 T.C. 68, 83 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Moreover, this result is obtained even where respondent has violated his own procedural rules. Since these rules are not required by the Constitution or any statute, they do not have the force of law. Rosenberg v. Commissioner,450 F.2d 529 (10th Cir. 1971), affg. a Memorandum Opinion of this Court. Consequently, they are merely directory and noncompliance does not render the actions of respondent invalid. Estate of Jones v. Commissioner,795 F.2d 566, 571 (6th Cir. 1986), affg. a Memorandum Opinion of this Court; Luhring v. Glotzbach,304 F.2d 560 (4th Cir. 1962); Vallone v. Commissioner, supra.[12]
*478 Petitioner next argues that, since respondent started his audit in 1983 and it was not until three years later that the notice of deficiency was mailed, respondent's delay in issuing the notice denied him due process. However, we have repeatedly held that petitioner must show that the delay caused him actual prejudice in order to receive relief. Riland v. Commissioner, supra.The simple passage of time does not constitute the type of "prejudice" needed. Riland v. Commissioner, supra at 198. Moreover, the build-up of interest on the deficiency does not assist petitioner because payment for the use of money owed to the United States is not prejudicial to petitioner. See Riland v. Commissioner, supra at 199. [13]
Finally, petitioner alleges respondent did not supply him with information he had requested under the Freedom of Information Act (hereinafter "FOIA"), and that without this information he was prejudiced in the presentation of this case. At the outset, we note that petitioner has not specifically identified what information he requested, *479 the nature of respondent's alleged noncompliance, nor has he shown that he followed the mandated procedures set down in the FOIA for compelling respondent to produce the requested information. [14] More to the point, however, is that we have our own procedures to compel the production of relevant evidence and petitioner has not shown that those procedures were inadequate to prove his case. Davis v. Commissioner,65 T.C. 1014, 1024 (1976). [15]
Lastly, even if we had found that petitioner was denied due process, we would not declare the notice of deficiency invalid as a sanction for respondent's behavior. See Graham v. Commissioner,82 T.C. 299, 310 (1984), affd. 770 F.2d 381 (3d Cir. 1985); *480 Riland v. Commissioner, supra at 207. Rather, where infringements of constitutional rights have been shown, this Court has designed sanctions to discourage respondent's use of and reliance on constitutionally inadmissible evidence. Suarez v. Commissioner, supra at 814. See Proesel v. Commissioner,73 T.C. 600 (1979). Consequently, we hold that the notice of deficiency sent to petitioner was valid. Therefore, petitioner has the burden of showing that respondent's determinations were wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Since he did not substantively address any of the adjustments made by respondent on the notice of deficiency, we must sustain the determinations reflected therein. [16] Accordingly -- Decision will be entered for the respondent.
Footnotes
1. Petitioners' motion to remove the small tax case designation was granted by our Order dated February 24, 1987. ↩
2. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Although the notice of deficiency was addressed to both Ted W. Ballard and Mrs. T. W. Ballard, only Ted W. Ballard filed a petition with this Court. ↩
4. We note that the statute of limitations on petitioner's 1982 and 1983 income tax returns ordinarily would have run to April 15, 1986 and April 5, 1987, respectively. Since the notice of deficiency was issued on April 7, 1986, petitioners' statute of limitations argument applies only to 1981. ↩
5. At trial, petitioner offered several exhibits which allegedly reflect conduct destroying the validity of each of the questioned documents. Respondent objected to the admission of these exhibits and we deferred ruling. We now receive into evidence respondent's administrative records for the sole purpose of establishing respondent's conduct at the administrative level. All statements contained therein regarding petitioner's activities are inadmissible as hearsay. Fed. R. Evid. 801(c) and 802↩. Further, we sustain respondent's objection as to all documents prepared by petitioner reciting his version of communications between the parties, except that all statements contained therein representing petitioner's legal position in this case will be considered by the Court as part of petitioner's trial memorandum. 6. Section 6501(b)(1) provides, for purposes of computing the statute of limitations, a return filed before the due date shall be considered as being filed on the date it is due. Because petitioner's 1981 return was both due and filed on April 15, 1982, the statute of limitations ordinarily would have expired on April 15, 1985. ↩
7. See Robertson v. Commissioner,T.C. Memo. 1973-205↩. 8. See also Huffmeyer v. Commissioner,T.C. Memo. 1987-48↩. 9. Jarvis v. Commissioner,T.C. Memo. 1980-381. A consent to extend the period for assessment of income tax is essentially a unilateral waiver of a defense by the taxpayer and is not a contract. Stange v. United States,282 U.S. 270, 276 (1931); Tallal v. Commissioner,77 T.C. 1291, 1294 (1981). Nonetheless, contract principles, such as duress, are relevant and significant because section 6501(c)(4) requires mutual consent on the part of both respondent and the taxpayer. Piarulle v. Commissioner,80 T.C. 1035, 1042 (1983); see also Southern v. Commissioner,87 T.C. 49↩ (1986). 10. See Cindrich v. Commissioner,T.C. Memo. 1984-294, affd. without published opinion 770 F.2d 1067 (3d Cir. 1985). See also United States v. Martin,274 F.Supp. 1002↩ (E.D. Mo. 1967), where the court held the following statement not to constitute duress: "you had better get down here and sign these papers or I will drag you into court." 11. Petitioner requested a certified copy of his 1981 return from respondent and respondent complied with that request in May of 1986. Petitioner complains that the consent was not attached thereto, but the basis of his complaint is not explained. We do note, however, that a consent is invariably executed, if at all, after the filing of the return and is not part of the return. ↩
12. Similarly, petitioner argues that respondent violated Executive Order No. 11222, 30 Fed. Reg. 6469 (1965), (standard of ethics for government officers and employees) and the alleged violations evidence a denial of due process. Even if we should find that such violation occurred (which we do not), the purpose of the Order is to govern employee conduct not to protect petitioner. See 31 C.F.R. sec. 0.735↩ (1987). It simply has no application here. 13. See also Rodgers v. Commissioner,T.C. Memo. 1982-581↩. 14. Under the FOIA, petitioner must go to the United States District Court to compel production of requested documents. This Court will not enforce the FOIA. See Davis v. Commissioner,65 T.C. 1014, 1024↩ (1976). 15. Even though petitioner appears pro se, he is still required to comply with our rules. Faretta v. California,422 U.S. 806, 835 n.46 (1975); Van Sickle v. Holloway,791 F.2d 1431, 1437↩ (10th Cir. 1986). 16. Following the trial in this case, petitioner filed a "Motion To Dismiss In Favor Of Petitioner Pursuant to T.C. Rule 50." In light of our decision in this case, we deny petitioner's motion. ↩