MacANDREWS & FORBES CO. v. UNITED STATES.

No. M–338.

Court of Claims.

Feb. 5, 1934.

Adrian C. Humphreys, of New York City, and Newton K. Fox, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover $89,119.88 which was overpaid on its taxes for the year 1918 and credited on its taxes for the years 1916 and 1917.

The plaintiff claims that the taxes for 1916 and 1917 were barred at the time the credit was made, and under sections 607 and 609 of the Revenue Act of 1928 (26 USCA §§ 2607, 2609) the credits were void. This suit is brought upon an account stated alleged to have been created by the certificate of overassessment for the year 1918 which was delivered to plaintiff within six years from the time when suit was brought.

The contention of plaintiff that the collection of the taxes for 1916 and 1917 was barred is not well founded, being based on the theory that the three-year period of limitation provided in the Revenue Act of 1916 for making assessments applied. This is an error. The Revenue Act of 1921, which provided in section 250 (d), 42 Stat. 264, that the assessment might be made within five years after the filing of the return, is the provision that controls notwithstanding the assessment was made prior to the passage of that act. See Magee v. United States, 282 U. S. 432, 433, 51 S. Ct. 195, 75 L. Ed. 442. The assessments having been made within the period provided by the act of 1921, section 611 of the Revenue Act of 1928 (26 USCA § 2611) applies for the reason that claims in abatement for each year had been filed and the collection of the taxes thereby delayed, and under this section the credits were not void and not refundable. See Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415.

As before stated, the plaintiff's suit is commenced upon what is claimed to be an account stated resulting from the issuance of a certificate of overassessment for the 1918 taxes referred to in the findings of fact. But this certificate of overassessment, instead of showing anything to be due the plaintiff, showed that the account between plaintiff and defendant was completely balanced by abatement and credits on the taxes for 1916 and 1917 and that nothing was due the plaintiff. Under the rules laid down in Leisenring v. United States, 3 F. Supp. 853, 77 Ct. Cl. —— (decided June 5, 1933), R. H. Stearns Co. v. United States (decided January 8, 1934) 290 U. S. ——, 54 S. Ct. 325, 78 L. Ed. ——, and Samuel Daube v. United States, 5 F. Supp. 769, this day decided by this court, no recovery can be had upon an account so stated.

For the reasons above stated, plaintiff's action must be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WHALEY, WILLIAMS and LITTLETON, Judges, concur.