**SCIOTO VALLEY SUPPLY CO. v. UNITED STATES.**

No. 42015.

Court of Claims.
April 5, 1937.

Evert L. Bono, of Washington, D. C. (Ellis, Houghton & Ellis, of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

Various contentions are advanced by plaintiff as a basis of recovery of the income tax involved in this case and likewise defenses thereto are predicated on sundry grounds, but we think the case comes squarely within the provisions of section 611 of the Revenue Act of 1928 (45 Stat. 875), and, therefore, a discussion of all points presented becomes unnecessary.

During November, 1922, the Commissioner made a timely assessment of an additional tax against plaintiff of $96,294.77 for 1918. Instead of paying the tax, plaintiff filed a claim in abatement for the entire amount. In 1926 the collector required plaintiff to file a bond of $100,000 to assure payment of the additional assessment. In the meantime, consideration was being given to the contentions advanced in connection with the abatement claim and ultimately in 1927 the Commissioner advised plaintiff of his final determination thereon, in which he allowed the claim for $35,193.03 and rejected it for $61,101.76. Plaintiff thereupon appealed to the Board of Tax Appeals, in which appeal the sole contention raised was that the statute of limitations had run on the collection of the assessment for which the abatement claim was filed.

At that time the Commissioner had under consideration claims for refund filed by plaintiff for 1919, 1920, 1921, 1922, and 1924, and in connection with such consideration found overpayments for those years as well as for 1926. The Commissioner credited these overpayments to the extent of $34,911.22 against the rejected portion of the abatement claim for 1918, two of such credits being made in April 1927, during the 60-day period after the issuance of the deficiency notice and prior to the filing of the appeal with the Board. The credits for the years 1921, 1922, 1924, and 1926 were made while the appeal was pending before the Board.

After the making of the credits referred to above, and prior to the decision by the Board, plaintiff requested the collector to reduce the amount of its bond from $100,000 to $50,000 since the amount of the outstanding assessment for 1918 had been reduced by the credits referred to above and that request was granted.

782

Thereafter, the Board of Tax Appeals held that the collection of the additional assessment for 1918 was barred.

What plaintiff now seeks to recover are the overpayments for 1919, 1920, 1921, 1922, 1924, and 1926 which were credited against the assessment for 1918. Such recovery must fail because of section 611 of the Revenue Act of 1928. Certainly, if the assessment for 1918 had been collected in cash at a time such collection was barred, section 611 would be a complete defense against a recovery of the cash so paid, when, as in this instance, a claim in abatement had been filed. A reading of sections 607 and 609 (26 U. S.C.A. §§ 1670 (a) (2), 1675) in conjunction with section 611 shows that essentially the same situation exists with respect to a payment by credit. Those sections read as follows:

"Sec. 607. *Effect of expiration of period of limitation against United States.* Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid [whether before or after the enactment of this Act] after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

"Sec. 609. *Erroneous credits.*

"(a) *Credit against barred deficiency.* —Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 607 [section 1670 (a) (2)].

"(b) *Credit of barred overpayment.*— A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be considered erroneous under section 608 [section 1674].

"(c) *Application of section.*—The provisions of this section shall apply to any credit made before or after the enactment of this Act [May 29, 1928]."

"Sec. 611. *Collections stayed by claim in abatement.* If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stay-

ed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

Under section 609, the credits would be void only in the event a payment in respect of the additional assessment for 1918 would be considered an overpayment under section 607. But because of section 611 which prohibits the refunding of a payment made in satisfaction of such a barred deficiency, a payment made on account of the barred assessment, for which an abatement claim was filed, would not be considered an overpayment within the meaning of section 607. The credits were therefore not void and their recovery must be denied.

Essentially the same situation existed in the MacAndrews & Forbes Company Case (MacAndrews & Forbes Co. v. U. S.) 5 F.Supp. 783, 784, 78 Ct.Cl. 787, where an overpayment for 1918 had been credited against barred deficiencies for 1916 and 1917. Suit was brought in that case for the 1918 overpayment and the court, in denying recovery, said:

"The assessments [for 1916 and 1917] having been made within the period provided by the act of 1921, section 611 of the Revenue Act of 1928 (26 U.S.C.A. § 2611) applies for the reason that claims in abatement for each year [1916 and 1917] had been filed and the collection of the taxes thereby delayed, and under this section the credits [of the overpayment for 1918] were not void and not refundable."

To the same effect was Atlantic Mills of Rhode Island v. United States, 3 F.Supp. 699, 704, 78 Ct.Cl. 219, 230, where plaintiff was seeking to recover an overpayment for 1918 which had been credited against a barred deficiency for 1917 and, in denying recovery, the court said:

"The right of plaintiff to recover that portion of the overpayment for 1918 sued for depends entirely upon whether collection of the tax for 1917 by credit or otherwise was barred by the statute of limitation on November 25, 1925 [the date the credit was made]. The period of five years provided by the Revenue Act of 1924 (§ 277, 26 U.S.C.A. § 1057 note)

and prior Revenue Acts for the collection of any amount in respect of the tax for 1917, as extended by the consents in writing entered into by the plaintiff and the Commissioner, had expired at the time the 1917 tax was collected by credit, but this credit was not void under section 609 of the Revenue Act of 1928 (26 U.S.C.A. § 2609), and the provisions of section 611 (26 U.S.C.A. § 2611) are applicable."

The contention of plaintiff with respect to recovery on an account stated must be decided adversely on the basis of MacAndrews & Forbes Case, supra, and cases therein cited as well as many other similar cases. The further contention that the credits were void because made when the Commissioner was prohibited under section 274 of the Revenue Act of 1926 (44 Stat. 55) is likewise without merit. Section 283 (i) of the same act (44 Stat. 65) provides an exception to section 274, supra, as follows:

"(i) In cases within the scope of subdivision (e), (f), or (g), if the Commissioner believes that the collection of the deficiency will be jeopardized by delay, he may, despite the provisions of subdivision (a) of section 274 of this Act, instruct the collector to proceed to enforce the payment of the unpaid portion of the deficiency, and notice and demand shall be made by the collector for the payment thereof. Within 10 days after such jeopardy notice and demand the person liable for the tax may obtain a stay of collection of the whole or any part of the amount included in the notice and demand by filing with the collector a bond in like manner, under the same conditions, and with the same effect, as in the case of a bond to stay the collection of a jeopardy assessment under section 279 of this Act."

Whether the Commissioner considered the collection of the tax in jeopardy does not appear, though in view of what occurred thereafter, we do not regard this as material. At the time the credits were made, the Commissioner had plaintiff's bond for $100,000 to assure the collection of an outstanding assessment of $61,101.76, and after the credits of $34,911.22 had been applied against such assessment, together with certain minor adjustments, the outstanding assessment was reduced to $25,384.60. With the assessment so reduced, plaintiff requested and the Commissioner granted a reduction of the bond to $50,000. Plainly such reduction was made in view of an acquiescence in, or acceptance of, the Commissioner's action in making the credits and plaintiff may not now be heard to question its irregularity, if such there be.

It follows that the petition must be dismissed. It is so ordered.