T.C. Memo. 1999-222

UNITED STATES TAX COURT

RICHARD M. KRISKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15368-98.                    Filed July 6, 1999.

Richard M. Kriske, pro se.

<u>Blaine C. Holiday</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

Respondent determined a deficiency in petitioner's 1994
Federal income tax in the amount of $2,602.  The issue is whether

---

[1]  Section references are to the Internal Revenue Code in
effect during the year at issue, and Rule references are to the
Tax Court Rules of Practice and Procedure.

the period of limitations expired before the issuance of the notice of deficiency. Petitioner resided in Minneapolis, Minnesota, at the time he filed his petition.

The facts may be summarized as follows. Petitioner timely filed his Federal income tax return for 1994. On that return petitioner claimed deductions for various expenses. Respondent commenced an examination of petitioner's 1994 return. Petitioner was unable to locate records substantiating deductions that he had claimed on his return. The period of limitations for making an assessment would have expired on April 15, 1998. Petitioner executed a Form 872, Consent To Extend the Time To Assess Tax, on February 27, 1998, and respondent executed the form on March 9, 1998. The consent provided that the amount of any Federal income tax due on the 1994 return could be assessed at any time on or before April 30, 1999. On June 17, 1998, respondent issued a notice of deficiency to petitioner. Petitioner does not dispute the substantive tax adjustments contained in the notice of deficiency; rather, he contends that the notice of deficiency was untimely.

Section 6501(a) provides, with exceptions not relevant here, that "the amount of any tax * * * shall be assessed within 3 years after the return was filed". That period of limitations is suspended if a notice of deficiency is sent to the taxpayer and a petition is filed with this Court. See sec. 6503(a)(1). Section

6501(c)(4) provides that before the expiration of the period of limitations in section 6501(a), the parties may consent "in writing to * * * [the] assessment after such time, [and] the tax may be assessed at any time prior to the expiration of the period agreed upon."

Petitioner acknowledges that he executed the consent to extend the period of limitations. He maintains, however, that the consent he executed is invalid because it is an "adhesion contract". According to petitioner an adhesion contract "is not binding where there is in fact some obvious differences in power, and of course, differences in knowledge". He maintains that respondent was the "stronger party [and] gave me no choice." This is whimsical nonsense.

While a consent to extend the period of limitations is not a contract, contract principles are relevant because a written agreement is necessary. See Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). It may be that if petitioner had not executed the consent, respondent would have issued the notice of deficiency at an earlier date, but petitioner was under no duress to execute the consent. See Ballard v. Commissioner, T.C. Memo. 1987-471. Petitioner could have refused, respondent would have issued a notice of deficiency, and petitioner presumably would have been before this Court. Rather, he and respondent agreed to extend the period of limitations so that petitioner could obtain

records and the parties could settle the dispute.  The dispute, however, was not settled.  Nonetheless, the consent was valid, and the notice of deficiency was timely.

<u>Decision will be entered</u>

<u>for respondent</u>.